**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANDREW G. MCCABE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> WILLIAM P. BARR, ) <br> in his official capacity as ) <br> ATTORNEY GENERAL OF THE ) <br> UNITED STATES, *et al.*, ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 19-2399 (RDM) |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff Andrew G. McCabe respectfully moves the Court for leave to supplement his December 23, 2019 Opposition (Dkt. 27) to Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 23). The proposed supplement consists of three statements by President Donald J. Trump, which are relevant to ultimate issues of fact bearing on Defendants' summary judgment motion: (1) a December 24, 2019 statement by Trump that post-dates Plaintiff's Opposition, and (2) two earlier Trump statements that became relevant as a result of his December 24 statement. The proffered statements are available online and summarized in Plaintiff's Exhibit ("PX-") 25, attached to the Declaration of Murad Hussain accompanying this motion. Undersigned counsel has conferred with opposing counsel, who stated: "Defendants do not agree that the supplemental information is relevant, but do not oppose Plaintiff's motion to supplement the record."

Good cause exists to grant Plaintiff's motion. From this new evidence, a reasonable factfinder could easily conclude that (1) on December 24, 2019, Trump took credit for "getting rid of" Plaintiff, and thus (2) this December 24 statement directly contradicts Defendants' arguments

- 1 -

that they decided to fire Plaintiff because of the February 2018 report by the Department of Justice Office of Inspector General ("OIG Report"). As a result, the new evidence provides additional material grounds for denying outright Defendants' summary judgment motion. *See Evans v. Sebelius*, 716 F.3d 617, 622-23 (D.C. Cir. 2013) (vacating summary judgment because "the record supports two plausible interpretations of what happened," so "a reasonable jury . . . could find the [agency's] proffered explanation to be nothing more than a veil for . . . discrimination"); *see also* Minute Order, *Panarello v Salazar*, No. 12-CV-1966 (D.D.C. Mar. 29, 2017) (Moss, J.) (allowing supplementation of summary judgment record with evidence probative of discrimination claims).

On December 24, 2019, Trump was asked whether he would pardon Roger Stone, the recently convicted defendant in *U.S. v. Stone*, No. 19-CR-018 (D.D.C.). Trump stated in response:

> [H]e's a good person, and what they did to him is very unfair, in my opinion. And what they did to General Flynn is very unfair, in my opinion. And what they did to so many others is very unfair.
>
> ***And now we found out they're a bunch of dirty cops.*** And paid for by the DNC, paid for by Hillary Clinton, in many cases — and in much. They did a phony dossier. They used the dossier for FISA. And now, as you know, the FISA court — and your top judge is very much involved — and hopefully, they're going to do something about it. But these were dirty people. These were bad people. These were evil people.
>
> ***And I hope that someday I'm going to consider it my greatest — or one of my greatest achievements — getting rid of them.***

PX-25, line 3 (emphases added). In a speech three days earlier, on December 21, Trump used the phrase "dirty cops" to refer to former FBI leadership. *Id.*, line 2 ("But despite crooked leadership at the top of the FBI—They were crooked, they were dirty cops, at the top. FBI: great people. But at the top of the FBI, you had dirty cops."). And on September 1, 2019, Trump posted on Twitter.com: "Comey and McCabe (and more) are Dirty Cops." *Id.*, line 1.

Trump's December 24 statement post-dates Plaintiff's Opposition, and while his other statements predate the Opposition, they have become relevant context for Trump's December 24 use of the phrase "dirty cops."[1]  Taken together, this new evidence permits a reasonable factfinder to conclude that when Trump boasted on December 24 of "getting rid of them" as an "achievement[]" (PX-25, line 3), he was taking credit for causing the firings of both former FBI Director James Comey *and* Plaintiff, the former FBI Deputy Director and Acting Director.

Such a conclusion would discredit Defendants' stated reason for purportedly firing Plaintiff.  Defendants argue that "[t]he documents charting the course of the Attorney General's removal decision establish that the but-for cause behind Plaintiff's removal" was the OIG Report's assertions about Plaintiff's supposed "lack of candor."  *See* Defs.' Mem. in Supp. of Summ. J. at 27.  But those removal documents do not state that Trump had any role in the removal decision or in Defendants' supposedly "independent lack-of-candor determinations."  *See id.* at 28.  Thus, Trump's claim that "getting rid of them" was something he himself "achieve[d]" (*see* PX-25, line 3) creates a factual dispute about whether Trump, and not the OIG Report, was the reason for Plaintiff's purported termination.  *See Evans*, 716 F.3d at 622-23 ("In the end, the record supports two plausible interpretations of what happened.").

The new evidence adds a further material reason to the many existing "reasons that a reasonable jury might doubt the nondiscriminatory rationale that [Defendants] ha[ve] offered for the decision to discharge [Plaintiff]."  *See Brown v. Howard Univ. Hosp.*, 172 F. Supp. 3d 187, 196 (D.D.C. 2016) (Moss, J.) (denying defendants' summary judgment motion).  Accordingly, the Court should grant Plaintiff's leave to supplement.

---

[1] *Cf.* Fed. R. Civ. P. 15(d) (permitting supplementation of pleadings with events post-dating the original filing).  This motion does not proceed under Rule 15(d) because Plaintiff's Opposition is not a "pleading."  *See generally* Fed. R. Civ. P. 7.

| | |
|---|---|
| January 2, 2020 | Respectfully submitted, |
| | /s/ Murad Hussain |
| | Howard N. Cayne (D.C. Bar. No. 331306) |
| | Murad Hussain (D.C. Bar. No. 999278) |
| | Brittany McClure (D.C. Bar No. 1001889) |
| | Owen Dunn (D.C. Bar. No. 1044290) |
| | Ryan D. White (D.C. Bar No. 1655918) |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | 601 Massachusetts Avenue, NW |
| | Washington, DC  20001-3743 |
| | Telephone: (202) 942-5000 |
| | Fax: (202) 942-5999 |
| | |
| | *Attorneys for Plaintiff Andrew G. McCabe* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ANDREW G. MCCABE, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) ) | Civil Action No. 19-2399 (RDM) |
| WILLIAM P. BARR, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**DECLARATION OF MURAD HUSSAIN IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT HIS OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

I, Murad Hussain, make this Declaration in support of Plaintiff Andrew G. McCabe's Unopposed Motion for Leave to Supplement His Opposition to Defendants' Motion to Dismiss and for Summary Judgment ("Motion for Leave"):

1. I am a partner in the law firm of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), a member of the bar of this Court, and licensed to practice law in the District of Columbia.

2. I am counsel of record for Plaintiff Andrew G. McCabe in the above-captioned matter.

3. Attached hereto as **Plaintiff's Exhibit ("PX-") 25** is a summary chart entitled "Supplemental Chart of Selected Public Statements by Donald J. Trump." This chart contains text from three of Trump's public statements relevant to Plaintiff's Motion for Leave and Defendants' pending motion for summary judgment, and lists each statement's publicly available online URL source. I created this summary chart to the best of my ability, and prepared any transcriptions of

audio/video recordings as accurately as possible under the circumstances, given the quality of the recordings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2020.

                                         /s/ Murad Hussain
                                        Murad Hussain
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        601 Massachusetts Ave, NW
                                        Washington, D.C. 20001
                                        Telephone: (202) 942-5000
                                        Fax: (202) 942-5999

**PX-25**

## Supplemental Chart of Selected Public Statements by Donald J. Trump

| LINE | DATE | TIME (ET) | STATEMENT | SOURCE |
|---|---|---|---|---|
| 1 | 9/1/19 | 9:03 | "Comey and McCabe (and more) are Dirty Cops." Joe DiGenova | https://twitter.com/realDonaldTrump/status/1168147289027821569 |
| 2 | 12/21/19 | n/a | But despite crooked leadership at the top of the FBI—They were crooked, they were dirty cops, at the top.  FBI: great people.  But at the top of the FBI, you had dirty cops. | https://www.youtube.com/watch?v=J3ic4G4nu2k&t=55m8s |
| 3 | 12/24/19 | n/a | Q   Roger Stone.  Are you going to pardon him, sir?  He's been convicted of felonies.<br><br>THE PRESIDENT:  Am I going to pardon him?<br><br>Q   Yes.<br><br>THE PRESIDENT:  Well, I hadn't thought of it.  I think it's very tough what they did to Roger Stone, compared to what they do to other people on their side.  I think it's very tough.  I think it's a very tough situation that they did something like that.<br><br>You know, Roger Stone was not involved in my campaign in any way — other than the very, very beginning, before I — I think, I — long before I announced — a little bit.  I've known Roger over the years.  He's a nice guy.  A lot of people like him.<br><br>And he got very — he got hit very hard, as did General Flynn and as did a lot of other people.  They got hit very, very hard.  And now they're finding out it was all a big hoax.  They're finding out it was a horrible thing.  It was — we were spied on — my campaign was spied on.<br><br>And again, Roger Stone was not a part of it — the campaign.  He was somebody I've known over the years, but not a part of the campaign.  Very, very, very early on — long before I — I think long before I even announced, he was involved in a minor way.  But he's a good person, and what they did to him is very unfair, in my opinion.  And what they did to General Flynn is very unfair, in my opinion.  And what they did to so many others is very unfair.<br><br>And now we found out they're a bunch of dirty cops.  And paid for by the DNC, paid for by Hillary Clinton, in many cases — and in much.  They did a phony dossier.  They used the dossier for FISA.  And now, as you know, the FISA court — and your top judge is very much involved — and hopefully, they're going to do something about it.  But these were dirty people.  These were bad people.  These were evil people.<br><br>And I hope that someday I'm going to consider it my greatest — or one of my greatest achievements — getting rid of them.  Because we have no place in our country for people like that. | Official transcript available at: https://www.whitehouse.gov/briefings-statements/remarks-president-trump-video-teleconference-members-military-palm-beach-fl<br><br>Video available at: https://www.youtube.com/watch?v=73qwK2BynEo&t=29m53s<br><br>Relevant video excerpt begins at: https://www.youtube.com/watch?v=73qwK2BynEo&t=31m |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW G. MCCABE, <br><br> *Plaintiff*, <br><br> v. <br><br> WILLIAM P. BARR, <br> in his official capacity as <br> ATTORNEY GENERAL OF THE <br> UNITED STATES, *et al.*, <br><br> *Defendants.* | Civil Action No. 19-2399 (RDM) |

**[PROPOSED] ORDER**

The Court, having considered Plaintiff's Unopposed Motion for Leave to Supplement His Opposition to Defendants' Motion to Dismiss and for Summary Judgment, and having been sufficiently advised and informed,

HEREBY ORDERS that Plaintiff's Motion is **GRANTED.**

IT IS SO ORDERED on this the _____ day of _____, 2020.

RANDOLPH D. MOSS
United States District Judge
