## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW G. MCCABE, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 19-2399 (RDM) |
| WILLIAM P. BARR, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, *et al.,* | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff Andrew G. McCabe respectfully moves this Court for leave to file the proposed 6-page Sur-reply attached hereto as Exhibit A, in further opposition to Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 23) ("SJ Mot."). Defendants' Reply in support of that Motion (Dkt. 31) ("Reply") advanced new arguments and attached six new pieces of evidence: five exhibits and a declaration. *See* Dkt. 31-1 through Dkt. 31-4. Plaintiff's proposed Sur-reply seeks to address the Reply's new evidence as well as several new arguments not previously raised in Defendants' opening brief. Pursuant to Local Civil Rule 7(m), undersigned counsel consulted with opposing counsel, who stated Defendants' position on the proposed Sur-reply as follows: "Defendants will file a response after reviewing Plaintiff's motion."

"If [a] movant raises arguments for the first time in his reply to the non-movant's opposition, the [C]ourt will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007). "The decision to grant or deny

leave to file a sur-reply is committed to the sound discretion of the Court, and in making its decision, the Court considers whether the sur-reply is helpful to the adjudication of the motion for summary judgment and whether the defendant will be unduly prejudiced if the court grants leave to allow the sur-reply." *Clendenny v. The Architect of the Capitol*, 236 F. Supp. 3d 11, 17 n.2 (D.D.C. 2017) (Moss, J.) (quotation marks and brackets omitted); *see also Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.D.C. 1998) ("good cause" existed for sur-reply where plaintiff was otherwise "unable to contest matters presented to the court for the first time in the form of [a] declaration").

If the Court chooses not to ignore the Reply's new arguments, good cause exists to grant Plaintiff leave to file the proposed Sur-reply, which addresses Defendants' new arguments:

1.      That Plaintiff's First Amendment claims should be dismissed under Rule 12(b)(6). Reply 6.  This argument is new because Defendants only moved for summary judgment on those claims.  *See, e.g.*, Mem. in Supp. of SJ Mot. ("SJ Mem.") 26-30.

2.      That the FBI SES Policy (Dkt. 23-2) did not give Plaintiff "for-cause" removal protections, because although the Policy says the FBI "may" remove SES employees for specified reasons (FBI SES Policy at 16), the word "may" supposedly also lets the FBI remove these employees at will.  Reply 18-20.  This argument is new because Defendants only previously argued that Plaintiff lacked for-cause removal protections on statutory grounds, and never analyzed the Policy's text on this issue.  *See* SJ Mem. 15-16; *Flynn v. Veazey Const. Corp.*, 310 F. Supp. 2d 186, 190 (D.D.C. 2004) (permitting sur-reply to address reply's new statutory argument).[1]

3.      That new evidence (Dkt. 31-4 and an undated FBI website brochure PDF linked in

---

[1] The Sur-reply would be particularly helpful to the Court on this issue because, *inter alia*, Defendants' reading of "may" ignores precedent on how to construe "may," *see Halverson v. Slater*, 129 F.3d 180, 187–88 (D.C. Cir. 1997), and contradicts precedent construing "may" in similarly worded removal provisions, *see Humphrey's Executor v. United States*, 295 U.S. 602, 626 (1935); *PHH Corp. v. Consumer Fin. Prot. Bur.*, 881 F.3d 75, 78 (D.C. Cir. 2018) (*en banc*).

the Reply) supposedly shows that Plaintiff did not actually "finish[] his 'tour of duty' at 5 p.m. on Friday, March 16, 2018," and was therefore supposedly fired before becoming entitled to his immediate law enforcement annuity.  Reply 22-23; *see Alexander*, 186 F.R.D. at 74.

      4.     That new evidence (*see* Dkt. 31-1 through Dkt. 31-3) supposedly shows that Plaintiff was the FBI Deputy Director at the time of Attorney General Sessions' removal announcement, such that DOJ Order 1202 would have applied to Plaintiff.  Reply 7-8; *see Alexander*, 186 F.R.D. at 74.

      5.     That DOJ Order 1202 applied to Plaintiff because he filled a "key position" *other* than Deputy Director at the time of Attorney General Sessions' removal announcement.  Reply 9. This argument is new because Defendants only previously argued that Plaintiff filled the "key position" of Deputy Director.  *See* SJ Mem. 19 n.9.

      6.     That Plaintiff's substantive due process claim for *ultra vires* executive action is not cognizable.  Reply 15-27.  This argument is new because Defendants did not previously challenge this *ultra vires* theory, even though the Complaint explicitly alleges it.  *E.g.*, Dkt. 1 ¶¶ 148-156; *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 94-95 (D.D.C. 2017) (allowing sur-reply to address "truly new" argument challenging standing).

      For the foregoing reasons, the Court should grant leave to file the attached Sur-reply.

February 18, 2020

Respectfully submitted,

  /s/ Murad Hussain
Howard N. Cayne (D.C. Bar. No. 331306)
Murad Hussain (D.C. Bar. No. 999278)
Brittany McClure (D.C. Bar. No. 1001889)
Owen Dunn (D.C. Bar. No. 1044290)
Ryan D. White (D.C. Bar. No. 1655918)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001-3743
Telephone: (202) 942-5000

*Attorneys for Plaintiff Andrew G. McCabe*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW G. MCCABE,<br><br>   *Plaintiff,*<br><br>  v.<br><br>WILLIAM P. BARR,<br>in his official capacity as<br>ATTORNEY GENERAL OF THE<br>UNITED STATES, *et al.,*<br><br>   *Defendants.* | Civil Action No. 19-2399 (RDM) |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

ARNOLD & PORTER KAYE SCHOLER LLP
Howard N. Cayne (D.C. Bar. No. 331306)
Murad Hussain (D.C. Bar. No. 999278)
Brittany McClure (D.C. Bar. No. 1001889)
Owen Dunn (D.C. Bar. No. 1044290)
Ryan D. White (D.C. Bar. No. 1655918)
601 Massachusetts Avenue, NW
Washington, DC  20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Plaintiff Andrew G. McCabe*

Plaintiff's opposition (Dkt. 27) ("Opp'n") set forth why Defendants' summary judgment motion (Dkt. 23) should be denied either as premature or on the merits, because of material factual disputes about outcome-determinative issues surrounding Plaintiff's claims.   This sur-reply addresses several new arguments and exhibits presented by Defendants' reply (Dkt. 31) ("Reply"). The new arguments and exhibits cannot save Defendants' motion from denial, not least because they waived these new issues by not raising them until their Reply.   *See, e.g.*, *Brady Ctr. to Prevent Gun Violence v. U.S. Dep't of Justice*, 410 F. Supp. 3d 225, 241 n.3 (D.D.C. 2019) (Moss, J.).

*First*, Defendants argue that Plaintiff's First Amendment claims are "subject to ***dismissal under Rule 12(b)(6)*** or summary judgment under Rule 56 without further discovery."   Reply 6 (emphasis added).   But they never "assert[ed]" any "defense[]" to the First Amendment claims under Rule 12(b)(6).   *See* Fed. R. Civ. P. 12(b).   Instead, they only claimed "entitle[ment] to summary judgment" on an evidentiary basis.   Defs.' Mem. in Supp. of Summ. J.   ("SJ Mem.") 30; *see also id.* at 4 (seeking dismissal only as to some claims and summary judgment "as to the rest"), 31 (same).   Accordingly, the Court need only assess the First Amendment claims and related evidence under Rule 56.   *See 2910 Georgia Ave. LLC v. D.C.*, 983 F. Supp. 2d 127, 137-38 (D.D.C. 2013) (declining to consider defendants' reply argument that constitutional allegations failed to state valid claims, because their initial motion did not seek to dismiss them under Rule 12(b)(6)).[1]

*Second*, Defendants offer a new but meritless argument for why Plaintiff supposedly lacked "for-cause" removal protections that would confer a due process property interest in his continued employment.   The Complaint explained that 5 U.S.C. § 7543 provides employment

---

[1] The Complaint pleads valid First Amendment claims, which explains Defendants' failure to move to dismiss them under Rule 12(b)(6).   Even so, Plaintiff's Opposition did not "acknowledge" that the pleadings must be assessed at this stage.   *Contra* Reply 6.   Defendants also misread and misapply their cited cases, including *Messina v. Krakower*, 439 F.3d 755 (D.C. Cir. 2006), which discussed the sufficiency of a Rule 56(d) (then 56(f)) declaration, not a complaint's allegations.

protections for other SES employees, and that 5 U.S.C. § 3151(a)(5)(D) applies these protections to the FBI SES.  *See* Dkt. 1 ("Compl.") ¶¶ 117, 160-163.  Defendants' summary judgment brief never discussed §§ 3151 or 7543.  Although their motion attached the FBI SES Policy (Dkt. 23-3) that implemented § 7543's protections, it argued only that other, irrelevant statutes did not grant for-cause protections, without discussing the Policy's for-cause language.  *See* SJ Mem. 15-16.  Plaintiff's Opposition then reminded Defendants that § 7543(a) provides that SES employees "may … only" be removed for cause (*e.g.*, "misconduct").  Opp'n 36-38.  The Reply now acknowledges § 7543's for-cause protections, but argues that because the FBI SES Policy's implementing language uses the word "may" while omitting the word "only," the Policy "endows the FBI with a level of discretion absent from § 7543, torpedoing any claims of for-cause protection."  Reply 19 (citing FBI SES Policy at 13, 16).  This argument defies Congress and precedent.

As an initial matter, Defendants still do not acknowledge § 3151's existence and how the FBI SES Policy was promulgated pursuant to it—despite the Policy's own observation that the FBI SES must be managed "in accordance with 5 U.S.C. § 3151."  FBI SES Policy at 5.  Section 3151(a)(5)(D) mandates that the FBI's SES regulations "shall" provide for removal "consistent with" § 7543.  Consistency with § 7543 means, by definition, that the FBI SES Policy cannot create "discretion absent from § 7543."  *Contra* Reply 19.

More importantly, the Supreme Court long ago rejected Defendants' reading of the word "may."  *Humphrey's Executor v. United States* held that the effect of language stating that an official "may" be removed for cause is "to limit the executive power of removal to the causes enumerated."  295 U.S. 602, 626 (1935).  Today, for example, Congress has provided that "[t]he President **may remove** the Director [of the Consumer Financial Protection Bureau ('CFPB')] for inefficiency, neglect of duty, or malfeasance in office."  12 U.S.C. § 5491(c)(3) (emphasis added).

- 2 -

This means "[t]he Director may be fired *only* for 'inefficiency, neglect of duty, or malfeasance in office.'" *PHH Corp. v. CFPB*, 881 F.3d 75, 78 (D.C. Cir. 2018) (*en banc*) (quoting § 5491(c)(3)) (emphasis added). But by Defendants' logic, the D.C. Circuit is wrong, the President can remove the CFPB Director at will, and all of the parties in the parallel CFPB case now before the Supreme Court have misread the phrase "may remove" as a "restriction" on the President's discretion. *See* Br. for Court-Appointed Amicus Curiae Paul Clement, *Seila Law LLC v. CFPB*, No. 19-7, 2020 WL 353477, at *17 (S. Ct. Jan. 15, 2020) (noting petitioner and respondent's common arguments).

It is true, as Defendants note, that the word "may" is a permissive term. Reply 18-19. But "[t]o say that 'may' is permissive does not lead to the conclusion that it permits everything, irrespective of other unambiguous words of limitation included in the sentence in which the term is used. Rather, the word 'may' … merely grants discretion to the [decisionmaker], the limits of which are ascertained by reference to the section's other language, its structure and its purpose." *Halverson v. Slater*, 129 F.3d 180, 187-88 (D.C. Cir. 1997). Thus, when the FBI SES Policy states that employees "may" be removed *for certain enumerated conduct*, it simply confers limited discretion to remove them for engaging *in that enumerated conduct*. The word "may" does not give the FBI discretion to remove SES employees *in the absence* of that enumerated conduct, such as by removing them at will. Accordingly, Plaintiff had for-cause removal protections as set forth in § 7543, applied to the FBI SES by § 3151, and implemented by the FBI SES Policy, and thus had a due process property interest in his continued employment. *See also* Opp'n 38-39.

**Third**, Defendants offer irrelevant new evidence to argue that Plaintiff did not actually "finish[] his 'tour of duty' at 5 p.m. on Friday, March 16, 2018," and was therefore supposedly fired before becoming entitled to his immediate law enforcement annuity. Reply 22. Defendants cite two FBI hiring materials which state general expectations that "special agents" may serve

- 3 -

irregular hours on duty, instead of ending the workday at 5 p.m.: (1) selected excerpts of an FBI "Special Agent Hiring Policy Guide" (Reply Ex. 5 (Dkt. 31-4)) and (2) a link to an undated FBI online PDF brochure about the special agent application process.  Reply 22-23.  However, in March 2018, as Defendants well know, Plaintiff was not a newly hired special agent on active duty, but a "supervisory special agent" on "*pre-approved* terminal leave" who "*no longer* served in a duty status."  McCabe Decl. (Dkt. 27-21) ¶¶ 4, 40 (emphases added); PX-24 (FBI official noting terminal leave).[2]  In any event, *at best*, this new evidence merely contradicts Plaintiff's evidence, and thus cannot resolve the factual dispute at this stage.  *See, e.g.*, *Campbell v. D.C.*, 126 F. Supp. 3d 141, 154 n.17 (D.D.C. 2015) (defendant's contradictory reply evidence merely created "a dispute of fact that cannot be resolved at summary judgment").  Indeed, Defendants also dispute the administrative effect of Plaintiff's terminal leave status, further reinforcing the disputed nature of this material factual issue.  *See* Dkt. 31 at 41 (Defendants' response to Plaintiff's CMF No. 2).

*Fourth*, Defendants offer four new exhibits and a declaration that supposedly show that Plaintiff was FBI Deputy Director in March 2018—a "key" position subject to Attorney General Sessions' removal authority under DOJ Order 1202.  Reply 7-8 (citing Exs. 1-4).  Again, these new documents merely contradict the February 2018 OIG Report, Candice Will communications, and other evidence showing that Plaintiff was *not* the Deputy Director in March 2018 (*see* Opp'n 21-22 & n.11), and confirm the existence of a material fact dispute.  *Campbell*, 126 F. Supp. 3d at 154 n.17; *see also* Dkt. 31 at 40-41 (Defendants' response to Plaintiff's CMF No. 1).[3]

---

[2] The documents did not even apply in March 2018.  The Guide was not effective until December 2018 (Dkt. 31-4 at 3), and the undated brochure's metadata states it was created January 20, 2020.

[3] Two of the new exhibits are SF-50 and SF-52 personnel forms that Defendants created after March 16, 2018.  Dkt. 31-1 at 4 ("PART C - Reviews and Approvals": March 19); *id.* at 7 (Box 49 "Approval Date": March 17).  Such personnel forms are "not conclusive on an employee's status."  *Brown v. Dep't of Justice*, 43 F.3d 1486 (Fed. Cir. 1994) (discussing SF-52 forms).  The two other documents are simply orders signed by AG Sessions: a February 2, 2018 order

*Fifth*, Defendants newly argue that even if Plaintiff was not Deputy Director in March 2018, he still held one of Order 1202's "key" positions as someone who supposedly "report[ed] directly to the Director of the FBI." Reply 9 (quoting Dkt. 23-5 at 18). But they offer no evidence that he did; they simply say Plaintiff failed to plead otherwise. *Id.* This ignores Plaintiff's explicit allegation that he "did not serve in any of [Order 1202's] key positions." Compl. ¶ 153.

*Finally*, Defendants newly challenge Plaintiff's substantive due process claim. They say "[t]he Complaint never uses the term 'substantive due process.'" Reply 15. But the Complaint also did not use the term "procedural due process," and yet Defendants' motion addressed that theory. Moreover, Count One explicitly alleged violations of the Due Process Clause through *ultra vires* action (Compl. ¶¶ 148-156), a recognized substantive due process claim. *See Haitian Refugee Ctr. v. Gracey*, 809 F.2d 794, 812 n.14 (D.C. Cir. 1987) (Bork, J.) (discussing possibility of "a claim that *ultra vires* governmental action that injures [the plaintiff] violates the due process clause"); *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 789 (2d Cir. 2007) (Calabresi, J.) (actions affecting property were potentially "*ultra vires* and, as a result, sufficiently arbitrary to amount to a substantive due process violation").

Defendants also argue that substantive due process does not protect public employment, but their cited cases are red herrings.[4] *See* Reply 17. Plaintiff is not asserting a constitutional right

---

retroactively "designating" David Bowdich as "acting" Deputy Director as of January 29, 2018, and a February 14, 2018 order "appointing" Bowdich as Deputy Director effective March 18, 2018, the date that Plaintiff turned 50. (Dkts. 31-2 & 31-3.) The February 14 order raises more questions than it answers, because **Plaintiff did not submit his retirement application until the next day, February 15.** McCabe Decl. ¶ 41. A reasonable factfinder could thus infer from Sessions' February 14 order that even if he truly believed that Plaintiff were Deputy Director, Sessions committed to removing Plaintiff from that position *before* Plaintiff submitted his retirement papers.

[4] Defendants also offer no legal authority for their assertion that Plaintiff's statutory entitlement to his earned retirement annuity should be treated no differently than "property interests in employment." Reply 17.

to public employment; he is asserting "the right not to be injured by ultra vires executive action." *Gracey*, 809 F.2d at 808 n.11.  Arbitrary executive action that defies statutory constraints was not under review in any of Defendants' cited cases, which concerned only contract-based employment rights or challenges to legislative enactments.  *See* Reply 17; *e.g.*, *McManus v. D.C.*, 530 F. Supp. 2d 46, 71, 72 (D.D.C. 2007) (noting that plaintiffs did ***not*** "claim that the District violated [D.C. personnel statutes] in allegedly terminating [them]" or "allege facts sufficient to demonstrate any violation of" those statutes).  Additionally, as Plaintiff has pled and as the evidence reflects, Defendants' attempts to fire Plaintiff despite statutory constraints, and to withhold his annuity payments despite statutory mandates, were "intended to injure in [a] way unjustifiable by any government interest," and thus satisfy even the "shock the conscience" due process standard. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018) (quotation marks omitted).

<u>CONCLUSION</u>

For the foregoing reasons, and for the reasons stated in Plaintiff's opposition (Dkt. 27), Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 23) should be denied.

February 18, 2020

Respectfully submitted,

 /s/ Murad Hussain
Howard N. Cayne (D.C. Bar. No. 331306)
Murad Hussain (D.C. Bar. No. 999278)
Brittany McClure (D.C. Bar No. 1001889)
Owen Dunn (D.C. Bar. No. 1044290)
Ryan D. White (D.C. Bar. No. 1655918)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Plaintiff Andrew G. McCabe*

- 6 -

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ANDREW G. MCCABE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-2399 (RDM) |
| WILLIAM P. BARR, | ) | |
| in his official capacity as | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**[PROPOSED] ORDER**

The Court, having considered Plaintiff's Motion for Leave to File a Sur-Reply, and the

Court having been sufficiently advised and informed,

IT IS HEREBY ORDERED that Plaintiff's Motion is **GRANTED.**

IT IS SO ORDERED on this the _____ day of _____, 2020.

_____
RANDOLPH D. MOSS
United States District Judge