**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANDREW G. MCCABE, </br></br> Plaintiff, </br></br> v. </br></br> WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*, </br></br> Defendants. | ) ) ) ) ) )  Case No. 1:19-CV-2399-RDM ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff Andrew McCabe seeks leave to file a sur-reply in further response to Defendants' motion to dismiss and for summary judgment, more than three weeks after Defendants filed their reply brief. He contends that there are arguments in, and exhibits attached to, Defendants' reply brief that merit this extra briefing, such as: Defendants' argument that the FBI SES policy does not provide FBI employees with a property interest in their employment; Defendants' evidence that the workday for an FBI agent does not end at 5 p.m.; Defendants' evidence that Plaintiff, whose own lawyer in the administrative proceeding referred to him as the Deputy Director of the FBI, was not demoted from his Deputy Director position prior to his removal; and Defendants' argument that Plaintiff's substantive due process claim should fail for lack a fundamental property interest. Plaintiff's Mtn. for Leave to File Sur-Reply ("Mtn. for Leave"), ECF No. 32, at 2-3. Defendants write to correct some errant statements in Plaintiff's motion and to add some context to Plaintiff's arguments, but ultimately take no position on Plaintiff's motion for leave to file a sur-reply. After all, the proposed sur-reply is irrelevant. It does not change the bottom line: Defendants' motion to dismiss and for summary judgment should be granted.

1

With respect to Defendants' arguments about the FBI SES policy and Plaintiff's substantive due process claim, Plaintiff claims that Defendants' arguments are new, and thus the appropriate subject of a sur-reply. Mtn for Leave at 2, 3. Plaintiff is incorrect.

Defendant's reply brief addressed whether the FBI SES policy provides a property interest in employment—it does not—because Plaintiff raised that argument in his response brief. Plaintiff's Brief in Opp. to Defendants' Mtn. to Dismiss and for Summ. J, ECF No. 27, at 39. That argument is not reflected in his Complaint. The paragraphs of the Complaint cited by Plaintiff in his motion for leave to file a sur-reply, Compl. ¶¶ 117, 160-63, Mtn. for Leave at 2, make no mention of the FBI SES policy; they refer to two statutory provisions (5 U.S.C. §§ 3151, 7543). An argument made in a reply brief in response to an argument raised in the opposition brief is not "new," and so does not justify a sur-reply. *See, e.g., GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 197 (D.D.C. 2003). In any case, Plaintiff's argument on the SES policy is unpersuasive. Plaintiff's argument demonstrates, if it demonstrates anything, that the meaning of the word "may," which appears in a relevant provision of the SES policy relating to the FBI's removal authority, is somewhat contextual. That is true—and in the context of the remainder of the SES policy, the differences between that policy and 5 U.S.C. § 7543, and the FBI's general discretion in controlling its workforce, the use of the word "may" in a description of the FBI's removal authority bolsters the conclusion that the FBI has discretion regarding the removal of its employees. Thus, the SES policy provides no entitlement to continued employment with the FBI. Defendants' Reply in Support of Mtn. to Dismiss and for Summ. J. (MTD/SJ Reply), ECF No. 31, at 16-17

Plaintiff is similarly incorrect about the newness of Defendants' argument about substantive due process. He argues that Defendants should have known that his Complaint contained a substantive due process claim because that 47-page, 194-paragraph document uses the phrase "ultra vires" three times. *See* Mtn. for Leave at 3. But the Complaint uses the phrase "substantive due process" exactly zero times, and the phrase "ultra vires," like the word "jurisdiction" "is a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*,

523 U.S. 83, 90 (1998); *see, e.g., Adamski v. McHugh*, 304 F. Supp. 3d 227, 236–37 (D.D.C. 2015) (discussing different uses of term "ultra vires").  While it can be used in conjunction with substantive due process claims, it is by no means synonymous with them.  Plaintiff offers another reason why Defendants should have addressed substantive due process in their opening brief, namely, that Defendants addressed a procedural due process theory even though the phrase "procedural due process" is never used.  Plaintiff's Proposed Sur-Reply, at 5.  The difference, of course, is that questions of procedure are evidently encompassed within due process claims; unlike substantive due process claims, they are not the legal-linguistic equivalent of "green pastel redness," John Hart Ely, *Democracy and Distrust: A Theory of Judicial Review* 18 (1980).  Defendants, then, cannot be faulted for failing to address a substantive due process theory.  And, in any event, Plaintiff's argument on substantive due process in his sur-reply falls flat.   The crux of the argument seems to be that he does not need a protected, fundamental property interest to prevail on a substantive due process claim.  Plaintiff's Proposed Sur-Reply at 5-6.  Instead, he appears to argue that arbitrary government conduct is enough.  Plaintiff is wrong.  MTD/SJ Reply at 16-17.  In any case, there is no conduct at issue in this suit—fundamentally an employment dispute—that is arbitrary in the constitutional sense, i.e., which shocks the conscience.  *Id.* at 25.

As for the arguments in Plaintiff's proposed sur-reply about the end of the workday and supposed demotion, they are the legal equivalent of throwing good money after bad.  It is self-evident that an FBI Special Agent's workday—and Mr. McCabe was an FBI Special Agent until his removal—does not end at 5 p.m., given that criminals and terrorists often work second- and third-shift hours.  And Plaintiff's demotion claim is no more meritorious:  During the administrative proceeding, Plaintiff's own attorney referred to Plaintiff as the Deputy Director, months after the supposed demotion took place.  *Id.* at 7.  Mr. McCabe's personnel files establish that his attorney was right about this—Mr. McCabe was in fact the Deputy Director at the time of his removal.  *Id*.  In any case, the supposed demotion, which only sprang to life in the

Complaint, is irrelevant: the Attorney General had the authority to remove Mr. McCabe, demotion or no. *Id.* at 8-9.

In sum, Defendants take no position on the motion for leave to file the proposed sur-reply, a proposed sur-reply that does nothing to alter the bottom line: Defendants' motion to dismiss and for summary judgment should be granted.

Dated: March 3, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Justin M. Sandberg*
JUSTIN M. SANDBERG
Senior Trial Counsel
GARRETT COYLE
Trial Attorney
KYLA SNOW
Trial Attorney
U.S. Dep't of Justice, Civil Div., Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20001
Phone: (202) 514-5838
Fax: (202) 616-8460
Justin.Sandberg@usdoj.gov

*Counsel for Defendants*