Case 1:19-cv-02399-RDM   Document 35   Filed 08/04/20   Page 1 of 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW G. MCCABE,  *Plaintiff*,  v.  WILLIAM P. BARR, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,  *Defendants*. | Civil Action No. 19-2399 (RDM) |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITIES

ARNOLD & PORTER KAYE SCHOLER LLP
Howard N. Cayne (D.C. Bar. No. 331306)
Murad Hussain (D.C. Bar. No. 999278)
Brittany McClure (D.C. Bar. No. 1001889)
Owen Dunn (D.C. Bar. No. 1044290)
Ryan D. White (D.C. Bar. No. 1655918)
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Plaintiff Andrew G. McCabe*

Pursuant to Section 8(d) of this Court's Standing Order in Civil Cases (Dkt. 5), Plaintiff Andrew G. McCabe respectfully submits this notice of supplemental authorities in further support of his Opposition (Dkt. 27) to Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 23). Plaintiff hereby notifies the Court of five decisions that are relevant to the issues briefed in this litigation, issued by the U.S. Supreme Court, the U.S. Court of Appeals for the D.C. Circuit, this Court, and one other district court.[1]

## I. AUTHORITIES PERTINENT TO PLAINTIFF'S ARGUMENT THAT SUMMARY JUDGMENT SHOULD BE DENIED AS PREMATURE

Plaintiff opposed Defendants' summary judgment motion as premature under Federal Rule of Civil Procedure 56(d), because he has not yet been able to take discovery and Defendants have not yet even answered the Complaint. (Dkt. 27 at 26-29.) The following authorities pertain to these arguments and the sufficiency of undersigned counsel's Rule 56(d) declaration (Dkt. 27-1).[2]

### A. Discovery Order Upon Remand From *Cruz v. McAleenan* (D.C. Cir. 2019)

Plaintiff's Opposition repeatedly relied on the Title VII decision in *Cruz v. McAleenan*, 931 F.3d 1186, 1193 (D.C. Cir. 2019) (explaining that D.C. Circuit "has never held that the existence of an independent investigation is dispositive on the question of pretext"). (*See* Dkt. 27 at 12, 28, 34, 35 n.12.) Upon remand from that decision, this Court recently entered a discovery order. *See* ECF No. 36, *Cruz v. Wolf*, No. 16-CV-039 (RJL) (D.D.C. Apr. 8, 2020) (attached hereto as **Exhibit A**). That order bears on Plaintiff's argument that discovery should also proceed here.

---

[1] Plaintiff has consolidated these authorities into a single notice to avoid piecemeal *seriatim* filings.

[2] Defendants moved only for summary judgment on Plaintiff's First Amendment claims (Dkt. 23 at 1, 13, 37-40), and moved for dismissal on the pleadings or alternatively for summary judgment on his Fifth Amendment claims. However, because Defendants' Fifth Amendment arguments rely on documents beyond the Complaint (*e.g.*, Dkt. 23-4; Dkts. 31-1 through 31-4), their entire motion should be evaluated as one for summary judgment. (Dkt. 27 at 26-27 & n.9.)

In *Cruz*, the D.C. Circuit vacated pre-discovery summary judgment for the Department of Homeland Security on two of the plaintiff's Title VII retaliation and discrimination claims, and vacated the denial of her Rule 56(d) discovery request. 931 F.3d at 1193. The D.C. Circuit ruled that upon remand, this Court would be "free to consider, consistent with this opinion, whether Cruz's Rule 56(d) affidavit otherwise met all the standards set by *Convertino v. U.S. Department of Justice*, 684 F.3d 93 (D.C. Cir. 2012) . . . ." *Id.* (That affidavit is attached hereto for the Court's convenience as **Exhibit B**.) On remand, this Court did not again challenge the affidavit's sufficiency; instead, it ordered the plaintiff to file a motion for discovery. *See* Def.'s Response to Pl.'s Mot. for Discovery at 1, *Cruz v. Wolf*, No. 16-CV-039 (RJL) (D.D.C. Apr. 1, 2020) (ECF No. 35). The parties then mooted that motion by negotiating a joint discovery plan that accounted for the "comprehensive discovery [that] has already been undertaken at the administrative level." *Id.* at 2. The Court then ordered discovery to proceed. (Ex. A.)

Those remand proceedings reinforce the sufficiency of undersigned counsel's Rule 56(d) declaration, even though Plaintiff lacked the opportunity for pre-suit administrative discovery into his claims that the *Cruz* plaintiff enjoyed. (*Compare* Dkt. 27-1, *with* Ex. B.) As in *Cruz*, discovery should proceed here.

    **B.**    ***Jeffries v. Barr* (D.C. Cir. 2020)**

The Title VII decision in *Jeffries v. Barr*, --- F.3d ---, No. 17-5008, 2020 WL 3967833 (D.C. Cir. July 14, 2020), *rev'g in part & aff'g in part* 217 F. Supp. 3d 214 (D.D.C. 2016), clarifies the minimal requirements that Rule 56(d) submissions must meet in order to defeat pre-discovery summary judgment motions. Notably, Judge Wilkins authored both the *Jeffries* and *Cruz* opinions.

The *Jeffries* plaintiff alleged that the Department of Justice ("DOJ") discriminated and retaliated against him in connection with seven non-selections for promotion. He first pursued administrative proceedings before the Equal Employment Opportunity Commission ("EEOC"),

wherein DOJ produced 17,000 pages of discovery. *See* 217 F. Supp. 3d at 228. He then filed suit in this Court. Before discovery commenced, DOJ answered the complaint and moved for judgment on the pleadings or, alternatively, for summary judgment based on its "extensive" discovery productions before the EEOC. 2020 WL 3967833 at *6; *id.* at *18 (Pillard, J., concurring in part and dissenting in part) (noting that DOJ answered the complaint). The plaintiff opposed summary judgment and sought discovery into DOJ's motives under Rule 56(d), supported by his attorney's declaration. The district court rejected the plaintiff's request for discovery and granted summary judgment for DOJ on all claims.

On appeal, the D.C. Circuit reversed summary judgment and the denial of Rule 56(d) discovery as to the first non-selection claim, but affirmed summary judgment as to the other six. 2020 WL 3967833, at *7-*8. It contrasted the plaintiff's Rule 56(d) submissions with those in *Ikossi v. Department of the Navy*, 516 F.3d 1037 (D.C. Cir. 2008), which entitled that earlier plaintiff to discovery and made summary judgment for the agency "premature." *Id.* at 1047. Specifically, the *Ikossi* affidavit's "stated desire to discover [the plaintiff's supervisors'] motivations in taking disciplinary action against [her] made the nature of the evidence sought self-evident," 2020 WL 3967833, at *7 (quotation marks omitted), while "Jeffries's Rule 56(d) filings lack[ed] even the precision of those in *Ikossi,* and instead [were] cast in very general terms," *id.* at *8 n.7 (comparing the two cases' submissions). (The *Jeffries* declaration and *Ikossi* affidavit are attached hereto for the Court's convenience as **Exhibits C** and **D**, respectively.)

Nonetheless, despite the *Jeffries* plaintiff's "untraditional style of briefing," the D.C. Circuit agreed that it was an abuse of discretion to reject his Rule 56(d) arguments about the first non-selection. *Id.* at *9. Specifically, the district court erred by deeming "irrelevant" the plaintiff's requested discovery into whether DOJ evaluated him using the "priority consideration" procedures

to which he was entitled. *Id.* Based on DOJ's standard procedures for such evaluations (as established by the administrative discovery materials and DOJ's concessions), "there was an unexplained deviation from DOJ's standard practices—and such a deviation can justify an inference of discriminatory motive," making his requested discovery "certainly not irrelevant." *Id.* It was also "not irrelevant" for the plaintiff to seek deposition testimony that could "call into question the veracity of DOJ's proffered reason for" the challenged action and "clarify whether DOJ failed to follow its standard . . . practices in this regard." *Id.* (quotation marks omitted).

*Jeffries* reinforces the sufficiency of undersigned counsel's Rule 56(d) declaration, which did not even have the benefit of the pre-suit administrative discovery upon which the *Jeffries* and *Ikossi* affidavits relied. (*Compare* Dkt. 27-1, *with* Exs. C & D.) *Jeffries* also bears on Plaintiff's argument that "Defendants' failures to follow established procedures governing their efforts to remove Plaintiff is also evidence of pretext." (Dkt. 27 at 36 (citing evidence) (quotation marks omitted); *e.g.*, Dkt. 27-29 (Bromwich Decl.) ¶ 15 (DOJ hearing official's statement to Plaintiff's counsel: "We're making it up as we go along.").) *Jeffries*' emphasis on DOJ's concessions further highlights the relevance of Defendants' concession here about their "departure from the 30-day response period more frequently provided for a proposed removal." (Dkt. 23 at 11.)[3]

## II. AUTHORITIES PERTINENT TO PLAINTIFF'S ARGUMENT THAT SUMMARY JUDGMENT SHOULD BE DENIED ON THE EXISTING RECORD

Plaintiff also opposed summary judgment because there remain genuine disputes about various facts material to the ultimate resolution of this litigation. (*See generally* Dkt. 27 at 29-54

---

[3] Supplemental authority cited below confirms that during this time period, the standard timeline was **several months**, not several days, for dismissing an FBI employee over the same administrative charge lodged here. (*See infra* pp. 7-8.)

(citing evidence).) The following authorities reinforce Plaintiff's argument that summary judgment can be denied outright based on the record as it stands.

### A. *Stoe v. Barr* (D.C. Cir. 2020)

The case of *Stoe v. Barr*, 960 F.3d 627 (D.C. Cir. 2020), is relevant to Plaintiff's First Amendment claims, for its analysis of evidence of discriminatory motive. *Stoe* reversed summary judgment for DOJ on the plaintiff's Title VII claims of gender and age discrimination related to her non-selection for promotion, and remanded the case for trial. When surveying the various evidence supporting reversal, the D.C. Circuit stated: "It is undisputed that evidence of discriminatory statements or attitudes by a decision-maker may support a finding of discrimination, ***even if the disparaging comments were not made in the context of the contested employment action***." *Id.* at 643 (emphasis added).[4]

The D.C. Circuit cited expressions of gender bias by the plaintiff's "second-level supervisor" long before he "effectively controlled" her promotion process. *Id.* at 632-33. It concluded that "[a] jury might find this to be compelling evidence of discriminatory motive, which caused [the supervisor] to act against [the plaintiff] . . . ." *Id.* at 643; *see also id.* at 643-644 (citing "procedural irregularities in the selection process, false testimony, and accumulated evidence of gender bias against the claimant"). The court also cited evidence that this supervisor pre-judged the personnel decision before the plaintiff's interview, because he previously sought to remove her from a committee where she would have continued serving if she had received the promotion. *Id.* at 643. The court explained that a reasonable fact-finder could view this pre-judgment "as further evidence of discriminatory motive." *Id.*

---

[4] This Court recently analyzed *Stoe*'s separate discussion, not relevant here, of "how a plaintiff's superior qualifications can support an inference of discriminatory purpose" underlying her non-selection. *Psak v. Bernhardt*, No. 14-CV-116 (RDM), 2020 WL 2849985, at *14 (D.D.C. June 1, 2020) (partly granting and partly denying agency defendant's summary judgment motion).

*Stoe*'s analysis of motive evidence is relevant to Plaintiff's arguments from the undisputed record (1) that "[Attorney General] Sessions and [Deputy Attorney General] Rosenstein—the ultimate decision-makers in Plaintiff's termination proceedings— . . . repeatedly confronted Plaintiff" about his private political expression and perceived political affiliation, and (2) that even before the OIG Report was drafted, Sessions tried to remove Plaintiff after President Trump urged him to do so for political reasons. (Dkt. 27 at 31-33 (citing evidence).)

**B.     *Seila Law LLC v. Consumer Financial Protection Bureau* (2020)**

The U.S. Supreme Court's recent decision in *Seila Law LLC v. Consumer Financial Protection Bureau ("CFPB")*, 140 S. Ct. 2183 (2020), is pertinent to Plaintiff's Fifth Amendment claims, for its analysis of for-cause removal protections. *Seila* reviewed the constitutionality of 12 U.S.C. § 5491(c)(3), which provides: "The President may remove the [CFPB] Director for inefficiency, neglect of duty, or malfeasance in office." Although the word "only" is not found in the statute, the Supreme Court made clear that this provision meant the President "may remove the Director from office ***only*** for" the enumerated causes, 140 S. Ct. at 2193 (emphasis added), and that this meant the statute "lack[ed]" any provision for "removal at will," *id.* at 2204. Because separation of powers required that the official "must be removable . . . at will," the Court invalidated this for-cause provision. *Id.* at 2192.

Here, Plaintiff had a Fifth Amendment-protected interest in continued employment, because he enjoyed for-cause removal protections. (*See* Dkt. 27 at 46-48.) Like the statute in *Seila*, the statute and policy at issue here stated that Plaintiff "may" be removed for cause. FBI SES Policy (Dkt. 23-3) § V.C.2 ("Action [*e.g.*, removal] may be taken against a member of the SES for" specified causes), *implementing* 5 U.S.C. § 7543(a) ("an agency may take an action covered by this subchapter against an [SES] employee only for" the same specified causes), *as*

*applied to FBI SES by* 5 U.S.C. § 3151(a)(5)(D). *Seila*'s construction of such phrasing confirms that this means Plaintiff could ***only*** be removed for cause, and refutes Defendants' suggestion that Plaintiff was actually an at-will employee. (Dkt. 31 at 27-28; *contra* Dkt. 32-1 (Pl.'s Proposed Sur-Reply) at 3-5.)

### C. *Ballock v. Costlow* (N.D. W. Va. 2019)

The decision in *Ballock v. Costlow*, 430 F. Supp. 3d 146 (N.D.W. Va. 2019), is relevant to Plaintiff's First and Fifth Amendment claims concerning his accelerated termination proceedings. Specifically, *Ballock* shows that the standard timeline for removing an FBI employee on the administrative charge of "lack of candor under oath" was several months rather than several days.

The *Ballock* plaintiff was a former FBI agent who unsuccessfully sued several state law enforcement officers for allegedly conspiring to get him fired. His FBI termination process began in April 2017, when the Office of Professional Responsibility ("OPR") notified him that it "concluded that he had committed an offense under W. Va. Code § 61-3C-14(a)"—a crime punishable by imprisonment—"and was recommending his dismissal." *Id.* at 156 (citations omitted). However, he was not ultimately dismissed until five months later, in September 2017. *Id.* He appealed his firing, which was reversed and remanded for re-adjudication. *Id.* In November 2018, OPR again recommended dismissal, this time for "lack of candor/lying under oath," "misuse of a weapon/safety violation," and "unprofessional off-duty conduct." *Id.* Four months later, he was finally terminated. *Id.*

*Ballock* shows that in the same year that OPR recommended Plaintiff's removal for "lack of candor under oath," it took several months—not several days, as in Plaintiff's case—to dismiss another FBI agent based on OPR's finding that he committed that same administrative offense. *Ballock* thus bears on Plaintiff's arguments that the OIG Report's allegations "did not compel [Defendants'] *discretionary* decision about . . . when to conduct disciplinary hearings," and that

"Defendants' failures to follow established procedures governing their efforts to remove Plaintiff is also evidence of pretext." (Dkt. 27 at 36 (quotation marks omitted); *see also supra* p. 4 (discussing *Jeffries*).)

*Ballock* is also relevant to Plaintiff's arguments concerning Defendants' failure to invoke the "crime exception" of 5 U.S.C. § 7543(b), implemented by FBI SES Policy § V.C.2.a.(1), which would have let Defendants remove Plaintiff on less than the 30 days' advanced written notice required by law. (Dkt. 27 at 48-53.) *Ballock* shows that in 2017, OPR specifically told an FBI agent (who was not even an SES employee) that it was recommending his removal because it believed that he committed a particular crime, which carried a possible sentence of imprisonment. Yet in 2018, OPR's recommendation to remove Plaintiff said "nothing about criminal activity." (*Id.* at 50.) *Ballock* thus reinforces Plaintiff's argument that "the record creates a genuine dispute of material fact" about whether he was deprived of due process, "by showing that Defendants were **not** applying the crime exception and did **not** believe they had reasonable cause of any crime having been committed" (*id.*), and yet they failed to give him the 30 days' advanced notice to which he was entitled.

August 4, 2020

Respectfully submitted,

/s/ Murad Hussain
Howard N. Cayne (D.C. Bar. No. 331306)
Murad Hussain (D.C. Bar. No. 999278)
Brittany McClure (D.C. Bar. No. 1001889)
Owen Dunn (D.C. Bar. No. 1044290)
Ryan D. White (D.C. Bar No. 1655918)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Plaintiff Andrew G. McCabe*