**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW G. MCCABE., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:19-CV-2399-RDM |
| v. ) | |
| ) | |
| WILLIAM P. BARR, in his official capacity ) | |
| as Attorney General of the United States, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER TO COMPLAINT

Defendants William P. Barr, in his official capacity as U.S. Attorney General; U.S. Department of Justice; Christopher A. Wray, in his official capacity as Director of the Federal Bureau of Investigation; and Federal Bureau of Investigation answer the individually numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:[1]

1.      The allegations in the first sentence of Paragraph 1 are admitted.  The second sentence consists of Plaintiff's characterization of this action, to which no response is required.

2.      The allegations in the first sentence of Paragraph 2 are denied, except to admit that Plaintiff worked at the FBI for more than 21 years.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence, and thus the allegations are denied.  The allegations in the third and fourth sentence are denied, except to admit that Plaintiff was fired in March 2018 and that his retirement benefits have been affected.  The

---

[1] Defendants do not incorporate herein the headings and subheadings from the Complaint, to which a response is not required.  Any omission of a response to a heading or subheading is not to be construed as an admission.

fifth sentence of Paragraph 2 consists of Plaintiff's requested relief to which no response is required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the requested relief.

3.      Denied.

4.      The allegations in Paragraph 4 consist of Plaintiff's characterization of the President's public statements, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 related to the President's views about various officials' affiliation with a particular political party, and thus the allegations are denied.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5, and thus the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second, third, and fourth sentences to the extent they concern the President's private statements, and thus the allegations are denied.  To the extent the allegations in the second, third, and fourth sentences concern the President's public statements, they allege Plaintiff's characterizations of such statements, to which no response is required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to any public statements cited by Plaintiff for a complete and accurate statement of their contents.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 6, and thus the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence regarding the President's public and private statements, and thus

the allegations are denied.  Defendants deny the remaining allegations in the third sentence that Defendants were implementing any desire of the President to remove Plaintiff.

7.      The allegations in Paragraph 7 are denied, except to admit that, in January 2018, FBI Director Wray informed Plaintiff that he could not remain in the role of Deputy Director based upon recent a discussion with the Inspector General.  Defendants deny the allegations in the third sentence.

8.      The allegations in Paragraph 8 are denied, except to admit that disciplinary proceedings were initiated against Plaintiff in February 2018.

9.      The allegations in the first sentence of paragraph 9 are admitted.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 9, and thus the allegations are denied.  The allegations in sentences three, four, are five are denied.  As to the allegations in the sixth sentence of Paragraph 9, Defendants admit that then-Attorney General Jeffrey Sessions ("AG Sessions") announced that he was terminating Plaintiff pursuant to DOJ Order 1202 but deny that DOJ Order 1202 deprived AG Sessions of authority to terminate Plaintiff.  As to the allegations in the seventh sentence, Defendants admit that Plaintiff's removal on March 16, 2018 made him ineligible for certain benefits but deny acting on a public announcement.

10.     Denied.

11.     The allegations in Paragraph 11 consist of Plaintiff's characterization of this action and legal conclusions, to which no response is required; but to the extent a response may be deemed to be required, Defendants deny that that Plaintiff's termination violated the First or Fifth Amendments.

12.    The allegations in Paragraph 12 consist of Plaintiff's requested relief, to which no response is required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the requested relief.

13.    The allegations in Paragraph 13 consist of Plaintiff's requested relief, to which no response is required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the requested relief.

14.    The allegations in Paragraph 14 consist of legal conclusions concerning jurisdiction, to which a response is not required.

15.    The allegations in Paragraph 15 consist of legal conclusions concerning sovereign immunity and liability, to which a response is not required.

16.    The allegation in Paragraph 16 consists of a legal conclusion concerning venue, to which a response is not required.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17 regarding Plaintiff's Virginia residency, and thus the allegation is denied.  Defendants admit the remaining allegations in Paragraph 17.

18.    The allegations in the first sentence of Paragraph 18 are admitted.  The second sentence contains Plaintiff's characterization of this action, to which no response is required.

19.    The allegations in Paragraph 19 consist of legal conclusions to which no response is required; but to the extent a response may be deemed to be required, admitted.

20.    The allegations in the first sentence of Paragraph 20 are admitted.  The second sentence contains Plaintiff's characterization of this action, to which no response is required.

21.    The allegations in Paragraph 21 consist of legal conclusions to which no response is required; but to the extent a response may be deemed to be required, admitted.

22.     Defendants admit the allegations in the first sentence of Paragraph 22.  Defendants admit the allegations in the second sentence that Plaintiff served several different positions during his career at the FBI.  Defendants deny the allegation in the second sentence that Plaintiff served in all positions with distinction.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     The allegations in the first and second sentence of Paragraph 27 are admitted. The third sentence consists of a legal conclusion to which a response is not required.

28.     Admitted.

29.     Admitted.

30.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     The allegations in the first sentence of Paragraph 35 are denied, except to admit that Plaintiff held the position of Deputy Director until his termination from the FBI.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in in the second sentence of Paragraph 35, and thus the allegation is denied.  As to the allegations in the

third sentence of Paragraph 35, Defendants admit that on January 29, 2018, FBI Director Wray named David L. Bowdich Acting Deputy Director of the FBI.  Defendants deny the remainder of the allegations in the third sentence to the extent they are construed to allege that Mr. Bowdich was appointed the Deputy Director, rather than the Acting Deputy Director, on January 29, 2018

36.     Admitted.

37.     Defendants deny the allegations in the first sentence of Paragraph 37 that Plaintiff completed his service with the FBI at 5 p.m. on March 16, 2018.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence of Paragraph 37, and thus the allegations are denied.  Defendants admit the allegations in the second sentence of Paragraph 37.

38.     Admitted.

39.     Admitted.

40.     The allegations in the first sentence of Paragraph 40 are admitted.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 40, and thus the allegations are denied.

41.     Admitted.

42.     Defendants object to the allegations in Paragraph 42 as too vague to admit or deny; but to the extent a response is deemed to be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and thus the allegations are denied.

43.     Defendants admit the allegation in the first sentence of Paragraph 43 that the President makes statements by publication through Twitter, available at http://www.twitter.com. Defendants object to the remainder of the allegations in the first sentence as too vague to admit or

deny; but to the extent a response is deemed to be required, denied.    The allegations in sentences two through four of Paragraph 43 are admitted.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fifth sentence of Paragraph 43, and thus the allegations are denied.

44.    Defendants admit the allegations in the first and second sentence of Paragraph 44. The allegations in the third sentence consist of Plaintiff's characterizations of the findings of an investigation, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the report cited by Plaintiff for a complete and accurate statement of its contents.

45.    Admitted.

46.    As to the allegations in the first sentence of Paragraph 46, Defendants admit that the President made public statements regarding Plaintiff and his wife.  The remainder of the allegations in the first sentence consists of Plaintiff's characterizations of the President's statements, to which no response is required.  The allegations in the second sentence of Paragraph 46 consist of Plaintiff's characterization of public reports, to which a response is not required. Defendants object to the allegations in the third sentence as too vague to admit or deny; but to the extent a response may be deemed to be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, and thus the allegations are denied.

47.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47.  The allegations in the second and third sentences of Paragraph 47 are admitted.

48.     As to the allegations in Paragraph 48, Defendants admit Plaintiff was promoted to Deputy Director on February 7, 2016.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and thus the allegations are denied.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and thus the allegations are denied.

50.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50, and thus the allegations are denied.

51.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51, and thus the allegations are denied.

52.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52, and thus the allegations are denied.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 53, and thus the allegations are denied, except that Defendants admit that then-presidential candidate Donald Trump made public statements about Plaintiff and Dr. McCabe in 2016.  The allegations in the second sentence consist of Plaintiff's summary of public statements to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those public statements for a complete and accurate statement of their contents.  Defendants object to the allegations in the third sentence as too vague to admit or deny; but to the extent a response may be deemed to be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, and thus the allegations are denied.

54.     As to the allegations in Paragraph 54, Defendants admit that the press reported that then-presidential candidate Donald Trump made the statements quoted by Plaintiff.  The remainder of the allegations in Paragraph 54 consist of Plaintiff's characterization and quotation of the President's public statement as reported by the press, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the statements reported by the press for a complete and accurate statement of their contents.

55.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 55 that then-presidential candidate Donald Trump made the statement cited by Plaintiff.

56.     As to the allegations in Paragraph 56, Defendants admit that President Trump has made public statements about Plaintiff and Dr. McCabe.  The remainder of the allegations in Paragraph 56 consist of Plaintiff's characterization of the President's public statements, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those public statements for a complete and accurate statement of their contents.

57.     The allegations in Paragraph 57 consist of Plaintiff's characterization of the statements Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the cited statements for a complete and accurate statement of their contents.

58.     Admitted.

59.     Defendants admit the allegation in first sentence of Paragraph 59 that the Office of the Director of National Intelligence released a declassified intelligence report on January 6, 2017. The remainder of the allegations in the first and second sentences consist of statements from that

report, to which no response is required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents.  Defendants admit the allegation in the third sentence of Paragraph 59 that Special Counsel Robert Mueller issued a report in March 2019.  The remainder of the allegations in the third sentence consist of statement from the report, to which no response is required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents.

60.     Defendants admit the allegation in the first sentence of Paragraph 60.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 60, and thus the allegations are denied.

61.     The allegations in Paragraph 61 consist of Plaintiff's characterization of the President's public statements, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those statements for a complete and accurate statement of their contents.

62.     Denied.

63.     The allegations in the first sentence of Paragraph 63 are denied.  As to the allegations in the second sentence, to the extent they concern the alleged legal requirement for Plaintiff's job qualification, the allegations consist of legal conclusions to which a response is not required.  To the extent the allegations in the second sentence concern requirements for the effective performance of Plaintiff's position as a factual matter, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and thus the allegations are denied.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 64, and thus the allegations are denied.  The third sentence of Paragraph 64 consists of legal conclusions to which a response is not required.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and thus the allegations are denied.

66.     Defendants object to the allegations in the first sentence of Paragraph 66 as too vague to admit or deny; but to the extent a response may be deemed to be required, Defendants deny the allegations to the extent they are construed to allege that Defendants felt pressure from the President to take any action with respect to Plaintiff, including but not limited to removing Plaintiff, or that the decision to terminate Plaintiff was otherwise influenced by the President. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 66, and thus the allegations are denied.  The allegations in the third sentence of Paragraph 66 consist of Plaintiff's characterization of the President's public statements, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those statements for a complete and accurate statement of their contents.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and thus the allegations are denied.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and thus the allegations are denied.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and thus the allegations are denied.

70.     Defendants admit the allegation in the first sentence of Paragraph 70 that AG Sessions was sworn in as the Attorney General on February 9, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 70, and thus the allegations are denied.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and thus the allegations are denied.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and thus the allegations are denied.

73.     Admitted.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and thus the allegations are denied.

75.     Admitted.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and thus the allegations are denied.

77.     Admitted.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and thus the allegations are denied.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and thus the allegations are denied.

80.     Defendants admit the allegation in the first sentence of Paragraph 80.  Defendants admit that allegations in the second sentence of Paragraph 80 that the President publicly released a memorandum from DAG Rosenstein, a letter from AG Sessions recommending the removal of then-FBI Director James Comey, and a letter from the President accepting those recommendations.

Defendants admit the allegation in the third sentence of Paragraph 80 that those documents did not reference Plaintiff; however Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.  To the extent the paragraph references the draft letter, Defendants are not required to respond because a response would reveal information protected by privilege and/or other protections.

81.    Defendants admit that Plaintiff became the Acting Director of the FBI on May 9, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and thus the allegations are denied.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 82, and thus the allegations are denied.

83.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 83, and thus the allegations are denied.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 84, and thus the allegations are denied.

85.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 85, and thus the allegations are denied.

86.    Defendants admit the allegation in the first sentence of Paragraph 86 that Plaintiff met with AG Sessions and DAG Rosenstein on May 13, 2017 to be interviewed for the position of FBI Director.  Defendants deny the remainder of the allegations in the first sentence.  Defendants admit the allegations in the second sentence, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the identity of any person who presented the photograph described therein, and thus those allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third

and fourth sentences of Paragraph 86, and thus the allegations are denied.  Defendants admit the allegation in the fifth sentence that Plaintiff informed AG Sessions and DAG Rosenstein that he would become eligible to retire and intended to retire in March 2018.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in the fifth sentence, and thus the allegations are denied.  The allegations in the sixth sentence of Paragraph 86 are denied.

87.     Defendants admit the allegations in the first sentence of Paragraph 87.  The allegations in the second sentence of Paragraph 87 are denied.  The allegations in the third, fourth, and fifth sentences of Paragraph 87 are denied, except (1) to admit that DAG Rosenstein and Plaintiff discussed, among other things, Plaintiff's involvement in Dr. McCabe's political campaign; the President's draft letter concerning James Comey's removal; and a 2015 family photograph of Plaintiff, Dr. McCabe, and their children wearing Dr. McCabe's campaign T-shirts; and (2) to state that to the extent the paragraph references the draft letter, Defendants are not required to respond because a response would reveal information protected by privilege and/or other protections.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence, and thus the allegations are denied.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and thus the allegations are denied.

89.     Admitted.

90.     Defendants admit the allegations in the first sentence of Paragraph 90 that Plaintiff met with the President and others on May 17, 2017 to interview for the position of FBI Director.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence regarding the individuals present for the interview

and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 90, and thus these allegations are denied.

91.     Defendants admit the allegations in the first sentence of Paragraph 91.   The allegations in the second, third, and fourth sentences regarding the intended purpose, topics of discussion, and actual focus of the referenced meeting are denied.   Defendants admit the allegations in the fifth sentence of Paragraph 91 that DAG Rosenstein suggested Plaintiff should recuse himself from the Russia investigation but deny the allegations regarding the reasons for that suggestion.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the fifth sentence, and thus the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of Paragraph 91, and thus the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence regarding Plaintiff's understanding of DAG Rosenstein's statements in the referenced meeting but deny the allegations to the extent they are construed to provide a reason for DAG Rosenstein's suggestion that Plaintiff recuse himself from the Russia investigation.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the ninth sentence of Paragraph 91, and thus the allegations are denied. Defendants admit the allegation in the tenth sentence of Paragraph 91 that Plaintiff suggested DAG Rosenstein should consider recusal form the Russia investigation but deny the remainder of the allegations in the tenth sentence.   Defendants admit the allegations in the eleventh sentence of Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, except that Defendants deny the allegations to the extent they

are construed to allege that Defendants removed Plaintiff for any of the reasons alleged in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and thus the allegations are denied.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and thus the allegations are denied.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first Sentence of Paragraph 95 about whether and when Plaintiff informed the President that he did not vote for him in the 2016 presidential election, and thus the allegations are denied.  The remaining allegations in the first sentence, and its subparts, consist of Plaintiff's characterization of the Twitter posts Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the posts for a complete and accurate statement of their contents.  The allegations in the third sentence of Paragraph 95 consist of Plaintiff's characterization of statements made by the President and others, to which no response is required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those statements for a complete and accurate statement of their contents.

96.     The allegation in Paragraph 96 that "[t]hese tweets and other communications by Trump made clear to Sessions, his subordinates, and others that Trump wanted to remove Plaintiff from the FBI," is a characterization of these tweets and communications, to which no response is required.  Defendants deny the remainder of the allegations in Paragraph 96.

97.     As to the allegations in the first sentence of Paragraph 97, Defendants admit that on Friday, July 28, 2017, Plaintiff was contacted by a DOJ Assistant IG who asked Plaintiff to

16

meet on short notice.  As to the allegations in the second sentence of Paragraph 97, Defendants admit that on January 12, 2017, the DOJ Office of the Inspector General announced the initiation of a review of allegations regarding certain actions by the DOJ and the FBI in advance of the 2016 election, including allegations that the FBI Deputy Director should have been recused from participating in certain investigative matters.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence of Paragraph 97 regarding what Plaintiff knew, and thus the allegations are denied.  The allegations in the third sentence of Paragraph 97 are denied.  The allegations in the fourth sentence of Paragraph 97 are denied to the extent that they are predicated on the allegations in the third sentence of Paragraph 97, except that Defendants admit that the Assistant IG told Plaintiff that the matter was time sensitive.  The allegations in the fifth sentence of Paragraph 97 are admitted.  As to the allegations in the sixth sentence of Paragraph 97, Defendants admit that OIG personnel displayed and questioned Plaintiff about multiple text messages between FBI employees Peter Strzok and Lisa Page.  Defendants deny the remainder of the allegations in the sixth sentence of Paragraph 97, except to admit that, based on the text messages, including two text messages dated October 30, 2016, OIG personnel asked Plaintiff whether Lisa Page was ever authorized to speak to reporters during this time period.  The allegations in the seventh sentence of Paragraph 97 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, denied.

98.     As to the allegations in the first sentence of Paragraph 98, Defendants admit that on Tuesday, August 1, 2017, Plaintiff called the Assistant IG and stated that he believed that Lisa Page may have been authorized by him to work with Michael Kortan, the FBI Assistant Director for Public Affairs, and to speak with the Wall Street Journal for the late October 2016 article.  As

to the allegations in the second sentence of Paragraph 98, Defendants admit that Plaintiff told the Assistant IG that Kortan would be familiar with Page's role and authority to speak.

99.     Defendants admit the allegation in the first sentence of Paragraph 99.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in the first sentence, and thus the allegations are denied.  The allegations in the second, third, and fourth sentences of Paragraph 99 are denied.

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and thus the allegations are denied.

101.     The allegations in Paragraph 101 consist of Plaintiff's characterization of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the post for a complete and accurate statement of its contents.

102.     The allegations in Paragraph 102 consist of Plaintiff's characterization of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the post for a complete and accurate statement of its contents.

103.     The allegations in the first sentence of Paragraph 103 are denied.  The allegations in the second sentence of Paragraph 103 are denied, except Defendants admit that the OIG issued a report in February 2018 entitled "A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 103, except that the allegations are denied to the extent that they are predicated on the allegations in the first and second sentences of Paragraph 103.

104.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 104, and thus the allegations are denied.  The allegations in the second, third, and fifth sentences of Paragraph 104 consist of Plaintiff's characterizations of the Twitter posts Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the posts for a complete and accurate statement of their contents.

105.     The allegations in Paragraph 105 are denied, except to admit that Director Wray informed Plaintiff that Plaintiff could put in for retirement immediately or be reassigned to another role in the FBI.

106.     The allegations in the first sentence of Paragraph 106 are denied, except to admit that Plaintiff informed FBI Director Wray on January 29, 2018 that he was rejecting the options presented to him on January 28, 2018 and would go on leave immediately.  Defendants admit the allegation in the second sentence that FBI Director Wray subsequently named David Bowdich Acting Deputy Director; but Defendants deny the of the allegations in the second sentence to the extent they are construed to allege that Mr. Bowdich was the Deputy Director rather than the Acting Deputy Director.   The allegations in the third sentence of Paragraph 106 are denied.

107.     Admitted.

108.     The allegations in the first sentence of Paragraph 108 are denied, except to admit that Plaintiff went on annual leave as of January 29, 2018.  Defendants admit the allegations in the second sentence of Paragraph 108.

109.     Denied.

110.     The allegations in the first sentence of Paragraph 110 consist of Plaintiff's characterization of the President's Twitter post, to which a response is not required; but to the

extent a response may be deemed to be required, Defendants respectfully refer the Court to the post for a complete and accurate statement of its contents.  The allegations in the second sentence of Paragraph 110 are denied, except to admit that on February 28, 2018, the February 2018 OIG Report was submitted to Candice Will of FBI's Office of Professional Responsibility for her review.

111.    Defendants admit the allegations in the first sentence of Paragraph 111.  The allegations in the second sentence of Paragraph 111 are denied, except to admit that the OIG Report does not reference testimony from Michael Kortan.  Defendants admit the allegations in the third sentence of Paragraph 111.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and thus the allegations are denied.

113.    Defendants admit the allegations in the first sentence of Paragraph 113.  Defendants admit the allegations in the second sentence that then-Assistant FBI Director Candice Will ("Assistant Director Will") sent an email on March 5, 2018 to Acting Deputy Director Bowdich.  The remainder of the allegations in the second and third sentences of Paragraph 113 refer to Plaintiff's summary of the contents of that email, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents.

114.    Denied.

115.    Defendants admit the allegations in the first sentence of Paragraph 115, that on March 7, 2018, Assistant Director Will issued a report recommending that Plaintiff be terminated.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the remainder of the first and second sentences of Paragraph 115, and thus the allegations are denied.

116.    Defendants admit the allegations in the first sentence of Paragraph 116. The allegations in the second sentence of Paragraph 116 consist of Plaintiff's characterization of statements in a note from Assistant Director Will, to which no response is required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the cited note for a complete and accurate statement of its contents.  The allegations in the third and fourth sentences of Paragraph 116 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, denied.

117.    The allegations in the first sentence of Paragraph 117 are admitted; however, Defendants respectfully refer the Court to the March 8, 2018 letter from Associate Deputy AG Scott N. Schools ("ADAG Schools") for a complete and accurate statement of its contents.  The allegations in the second and third sentences of Paragraph 117 consist of legal conclusions to which a response is not required.  The allegations in the fourth sentence of Paragraph 117 are denied.

118.    As to the allegations in the first and second sentences of Paragraph 118, Defendants admit the allegations concerning the deadline for Plaintiff's written reply and the date by which Plaintiff would be able to access his case file as stated in ADAG Schools' March 8, 2018 letter to Plaintiff; however, Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.  The allegations in the third sentence of Paragraph 118 are denied.

119.    Denied.

120.    The allegations in the first sentence of Paragraph 120 are denied.  Defendants admit the allegations in the second sentence of Paragraph 120.  The allegations in the third and fourth

sentence of Paragraph 120 are denied, except to admit that Plaintiff was permitted to review transcripts of Michael Kortan on March 14, 2018.

121.    Defendants admit the allegations in the first sentence of Paragraph 121 that, on March 14, 2018, Plaintiff's counsel requested that the hearing and written submission deadlines be postponed.  Defendants further admit that Plaintiff's counsel's request for extended deadlines contains the language quoted in the remainder of the first sentence of Paragraph 121 but deny the allegation that Plaintiff was unable to adequately prepare for the hearing.  Defendants admit the allegation in the second sentence of Paragraph 121 that Plaintiff was notified of his proposed removal on March 8, 2016, participated in an oral hearing on March 15, 2016, and submitted a written response on March 16, 2018.  As to the allegations in the third and fourth sentences of Paragraph 121, Defendants admit that the quoted language appears in Plaintiff's counsel's request for extended deadlines; however, Defendants respectfully refer the Court to that cited request for a complete and accurate statement of its contents.

122.    The allegations in Paragraph 122 are denied, except to admit that ADAG Schools denied Plaintiff's request to postpone the oral hearing and granted the request to the deadline for Plaintiff's written submission.  Defendants admit the allegation in the second sentence of Paragraph 122 that ADAG schools extended the deadline for written submissions to Friday, March 16, 2018 at 12 p.m.

123.    The allegations in the first sentence of Paragraph 123 are admitted.  The allegations in the second sentence of Paragraph 123 are denied.

124.    Admitted.

125.    The allegations in the first sentence of Paragraph 125 are denied.  As to the allegations in the second sentence, Defendants admit that Plaintiff's accrued leave account was

charged for a full week of leave time.  Defendants deny the remaining allegations in the second sentence of Paragraph 125.

126.    Defendants admit the allegations in the first sentence of Paragraph 126 that AG Sessions issued a statement to the media announcing Plaintiff's termination pursuant to DOJ Order 1202 on Friday March 16, 2018 around 10:00 p.m.  Defendants deny the allegation in the first sentence that AG Sessions issued this statement after Plaintiff retired.  Defendants admit the allegations in the second and third sentences of Paragraph 126 that ADAG Schools emailed Plaintiff AG Sessions' final decision regarding Plaintiff's removal; but Defendants deny the allegations in the second and third sentences to the extent they are construed to suggest that AG Sessions' decision was not final.  The fourth sentence of Paragraph 126 is denied.  The fifth sentence of Paragraph 126 is admitted.  The sixth sentence of Paragraph 126 is denied, except to admit that the letter from ADAG Schools contained AG Sessions' decision that Plaintiff should be removed from the FBI and civil service.

127.    Defendants admit that on March 16, 2018 AG Sessions announced that Plaintiff's termination was effective immediately, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 127, and thus the allegations are denied.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and thus the allegations are denied.

129.    Defendants admit the allegations in the first sentence of Paragraph 129 that terminated FBI employees are typically provided information about their termination.  The allegations in the second sentence of Paragraph 129 consist of legal conclusions to which a response in not required; but to the extent a response may be deemed to be required, denied.

Defendants deny the allegations in the third and fourth sentences to the extent they are construed to allege that a notice of termination is effective only if the procedures described in the second sentence are followed.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the third and fourth sentence of Paragraph 129, and thus the allegations are denied.

130.    Denied.

131.    Defendants admit the allegations in the first sentence of Paragraph 131.  The second, third, and fourth sentences consist of Plaintiff's description of statements made in the interview, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the interview for a complete and accurate statement of its contents.  The allegations in the fifth sentence of Paragraph 131 are denied. Defendants deny the allegations in the sixth sentence that Defendants disregarded any FBI process referenced by FBI Director Wray and that DOJ Order 1202 required FBI Director Wray to make the termination decision.  Defendants admit the remaining allegation in the sixth sentence that AG Sessions made the decision to terminate Plaintiff.

132.    Defendants admit the allegations in the first sentence of Paragraph 132.  The second and third sentences consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, denied.

133.    The allegations in Paragraph 133 consist of Plaintiff's characterization of the President's Twitter posts cited by Plaintiff, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter posts for a complete and accurate statement of their contents.

134.    As to the allegations in Paragraph 134, Defendants admit that the President tweeted on March 17, 2018 at 12:08 a.m.  Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

135.    As to the allegations in Paragraph 135 Defendants admit that the President tweeted on March 17, 2018 at 1:34 p.m. Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

136.    As to the allegations in Paragraph 136, Defendants admit that the President tweeted on April 15, 2018.  Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

137.    The allegations in Paragraph 137 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

138.    The allegations in Paragraph 138 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

139.    The allegations in Paragraph 139 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

140.    The allegations in Paragraph 140 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a

response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

141.    The allegations in Paragraph 141 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

142.    The allegations in Paragraph 142 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

143.    The allegations in Paragraph 143 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

144.    The allegations in Paragraph 144 consist of Plaintiff's characterization of the President's statements on a television program, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

145.    Denied.

146.    The allegations in Paragraph 146 consist of Plaintiff's characterization and quotation of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Twitter post for a complete and accurate statement of its contents.

147.     Defendants object to the allegations in Paragraph 147 as too vague to admit or deny; but to the extent a response may be deemed to be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and thus the allegations are denied.

148.     With respect to the allegations in Paragraph 148, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

149.     Denied.

150.     The allegations in Paragraph 150 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, denied.

151.     Denied.

152.     The allegations in Paragraph 152 are denied, except to admit that Plaintiff received an email on Friday with AG Sessions' decision that he should be removed from the FBI.

153.     Defendants admit the allegations in the first sentence of Paragraph 153 that AG Sessions publicly announced he had terminated Plaintiff pursuant to DOJ Order 1202.  The remaining allegations in the first sentence are denied.  The allegations in the second sentence of Paragraph 153 consist of Plaintiff's summary of DOJ Order 1202, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the Order for a complete and accurate statement of its contents.  The allegations in the third and fifth sentences of Paragraph 153 are denied.  The allegations in the fourth sentence of Paragraph 153 are denied, except to admit that FBI Director Wray lacked authority to terminate Plaintiff.

154.     Denied.

155.     Denied.

156.   Denied.

157.   With respect to the allegations in Paragraph 157, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

158.   Denied.

159.   The allegations in the first sentence of Paragraph 159 consist of legal conclusions and legal argument to which a response is not required.  The allegations in the second, third, and fourth sentence of Paragraph 159 are denied.

160.   The allegations in Paragraph 160 consist of legal conclusions and legal argument to which a response is not required; but to the extent a response may be deemed to be required, the allegations in the first and second sentences of Paragraph 160 are denied; and the allegations in the third sentence of Paragraph 160 are admitted.

161.   The allegations in Paragraph 161 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that 5 U.S.C. § 7543(b)(2) governs the procedures applicable to any hearing or appeal by an FBI SES employee.

162.   The allegations in Paragraph 162 are denied, except to admit that Plaintiff was provided an opportunity to evaluate the evidentiary record upon which his removal was based, including the Inspector General's February 2018 Report, and to prepare for an oral hearing and written submissions.

163.   The allegations in Paragraph 163 are denied, except to admit that Plaintiff received less than 30 days' notice of his proposed removal.

164.   Denied.

165.   Denied.

166.     The allegations in the first sentence of Paragraph 166 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, denied.  Defendants object to the allegations in the second sentence as too vague to admit or deny; but to the extent a response may be deemed to be required, Defendants admit that Plaintiff was charged with lacking candor under oath and not under oath and with violating FBI media policy. Defendants deny the allegations in the third sentence regarding Plaintiff's reputation and allegations of false charges of dishonesty.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence regarding Plaintiff's employment prospects, and thus the allegations are denied.

167.     The allegations in Paragraph 167 consist of legal conclusions, to which no response is required, but to the extent a response is required, denied.

168.     The allegations in Paragraph 168 consist of legal conclusions to which no response is required, but the extent a response is required, denied.

169.     Denied.

170.     With respect to the allegations in Paragraph 170, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

171.     Denied.

172.     The allegations in Paragraph 172 consist of legal argument to which a response is not required.

173.     The allegations in Paragraph 173 consist of legal argument to which a response is not required.

174.     Denied.

175.    Defendants object to the allegations in Paragraph 175 as too vague to admit or deny; but to the extent a response may be deemed to be required, denied.

176.    To the extent the allegations in Paragraph 176 concern any legal requirement for Plaintiff's jobs, they consist of legal conclusions to which a response is not required; but to the extent the allegations in Paragraph 176 concern requirements for the effective performance of Plaintiff's jobs as a factual matter, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and thus the allegations are denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    With respect to the allegations in Paragraph 181, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

182.    The allegations in the first sentence of Paragraph 182 are denied.  The allegations in the second sentence of Paragraph 182 consist of legal conclusions and legal argument to which a response is not required

183.    The allegations in Paragraph 183 consist of legal conclusions and legal argument to which a response is not required.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    With respect to the allegations in Paragraph 188, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

189.    The allegations in Paragraph 189 consist of legal conclusions and legal argument to which a response is not required.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Paragraph 194 consists of Plaintiff's request for relief to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

*       *       *

Defendants deny all allegations in Plaintiff's Complaint which Defendants have not otherwise answered herein.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's alleged damages must be set off by any amounts earned in mitigation.

2.    During the course of this litigation, Defendants may discover facts that support one or more of the affirmative or additional defenses set forth in Federal Rule of Civil Procedure 8(c), and in order to avoid waiving said defenses, Defendant hereby incorporates them by reference.

Dated: October 19, 2020                     Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Kyla M. Snow*
JUSTIN M. SANDBERG
Senior Trial Counsel
GARRETT COYLE
Trial Attorney
KYLA M. SNOW
Trial Attorney
U.S. Dep't of Justice, Civil Div.
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20001
Phone: (202) 514-5838
Fax: (202) 616-8460
Justin.Sandberg@usdoj.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2020, a copy of the foregoing Answer to Complaint was filed electronically via the Court's ECF system, which effects service upon counsel of record.

<u>*/s/ Kyla M. Snow*</u>
KYLA M. SNOW
Trial Attorney, U.S. Department of Justice