**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANDREW G. MCCABE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 19-2399 (RDM) |
| ) | |
| WILLIAM P. BARR, ) | |
| in his official capacity as ) | |
| ATTORNEY GENERAL OF THE ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**JOINT SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN**

Plaintiff Andrew G. McCabe and Defendants William P. Barr, Department of Justice ("DOJ"), Christopher A. Wray, and Federal Bureau of Investigation ("FBI") hereby submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and the Court's orders of September 26 and October 2, 2020, and following their October 13, 2020 telephonic conference. The parties' respective Proposed Scheduling Orders accompany this Joint Report. The initial scheduling conference in this matter is set for October 28, 2018, at 11:30 a.m.

**I.    BRIEF STATEMENT OF THE CASE**

On September 24, 2020, the Court denied Defendant's motion to dismiss and for summary judgment. (Dkt. 37 ("Op.").) As stated in the Court's opinion, Plaintiff alleges "that he was unlawfully demoted from his position as Deputy Director of the FBI in January 2018 and then fired from his career civil service position in March 2018—on the night of his planned retirement—based on his perceived political affiliation, decision not to vote for then-candidate

Trump in the 2016 presidential election, and unwillingness to pledge his personal loyalty to President Trump." (*Id.* at 1.) Specifically, "[h]e alleges that his termination was a 'legal nullity' or was otherwise '*ultra vires*' in violation of the Fifth Amendment's due process clause" (Count I); "that Defendants' 'sham and accelerated' proceedings that resulted in his terminations also violated the due process clause" (Count II); "that his termination was impermissibly motivated by Defendants' perception of his partisan affiliation, in violation of the First Amendment" (Count III); "and that he was demoted and terminated in retaliation for his political expression and intimate association, also in violation of the First Amendment" (Count IV). (*Id.* at 17-18 (citations omitted; quoting Complaint).) Plaintiff seeks only equitable relief. (Dkt. 1 ¶ 194.) His only statutory cause of action is a solely alternative claim for *mandamus* relief under 28 U.S.C. § 1361 (Count V), in the event that no other cause of action is available. (*See* Op. 18 & 20 n.1.)

Defendants contend that Plaintiff was removed from the FBI and the civil service for lack of candor, both under oath and not, and for improperly revealing the existence of an ongoing investigation to the press. (Dkt. 23-7 (Attorney General's Decision).) Defendants also contend, among other things, that Plaintiff received all of the process to which he was entitled, including an oral hearing before the highest-ranking career official in the Department of Justice, before his removal. (*See, e.g.*, Dkt. 23.)

## II. PROPOSED CASE SCHEDULE

As set forth in Section III below, the parties disagree about the overall schedule and thus propose the following case schedules. These schedules summarize the dates proposed in Section III, and which are reflected in the parties' respective Proposed Scheduling Orders.

| EVENT | PLAINTIFF'S PROPOSED DATES | DEFENDANTS' PROPOSED DATES |
|---|---|---|
| Initial disclosures | Nov. 23, 2020 (ISC + 26) ||
| Deadline to amend/join parties without leave of Court | Dec. 17, 2020 (ISC + 50) ||
| Proponent's R. 26(a)(2) statements | Apr. 26, 2021 (ISC + 180) | Jan. 26, 2021 (ISC + 90) |
| Opponent's R. 26(a)(2) statements | May 26, 2021 (ISC + 210) | Feb. 25, 2021 (ISC + 120) |
| Expert depositions may begin | June 25, 2021 (ISC + 240) | Mar. 26, 2021 (ISC + 149) |
| Deadline for Post-R. 26(a) discovery requests | Sept. 27, 2021 (ISC + 334) | Mar. 26, 2021 (ISC + 149) |
| Close of discovery | Oct. 28, 2021 (ISC + 365) | Apr. 26, 2021 (ISC + 180) |
| Deadline for summary judgment motions | Dec. 7, 2021 (ISC + 405) | June 10, 2021 (ISC + 225) |
| Deadline for summary judgment oppositions | Jan. 17, 2022 (ISC + 446) | July 12, 2021 (ISC + 257) |
| Deadline for summary judgment replies | Feb. 7, 2022 (ISC + 467) | Aug. 2, 2021 (ISC + 278) |
| Pretrial conference | May 9, 2022 (ISC + 558) | Nov. 30, 2021 (ISC + 398) |
| Trial | June 20, 2022 (ISC + 600) | Jan. 18, 2022 (ISC + 447) |

...
...

**III.     TOPICS LISTED IN LOCAL CIVIL RULE 16.3 AND FRCP 26(F)(3)**

   *1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

No dispositive motion remains pending.  The parties agree that the case is not likely to be disposed of by dispositive motion before the close of discovery.

   *2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.*

The parties do not presently anticipate adding additional parties or amending the pleadings, but the parties jointly propose Thursday, December 17, 2020 (*i.e.*, 50 days after the initial scheduling conference) as the deadline for the parties to do so without leave of Court.

As the litigation proceeds, the parties agree that they will continue to assess whether there are any factual or legal issues that can be agreed upon or narrowed.

   *3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to have this case assigned to a Magistrate Judge for all purposes.

   *4.     Whether there is a realistic possibility of settling the case.*

The parties agree that, although they remain open to settlement discussions and good-faith reasonable offers, there is not a realistic possibility of settling the case at this time.

   *5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Having discussed this topic with their respective counsel, and consistent with item III.4 above, the parties do not believe that this case would benefit from ADR procedures at this time. The parties agreed that if, at a later date, there is a realistic possibility of settling this case, they are willing to revisit the possibility of ADR.

> *6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Plaintiff does not anticipate that this case can be resolved by a post-discovery motion for summary judgment. Defendants believe it is premature to determine whether the case might be resolved by a post-discovery motion for summary judgment. The parties also disagree about the schedule for any future summary judgment motions.

Plaintiff:  In Item III.8 below, Plaintiff proposes an October 28, 2021 close of discovery, and accordingly proposes the following summary judgment schedule:

- motions due 40 days after the close of discovery (December 7, 2021);
- oppositions due 40 days after motions (rolling over onto Monday, January 17, 2022);
- replies due 21 days after oppositions (February 7, 2022); and
- a proposed date for decision on the motions 60 days after replies (April 5, 2022).

Defendants:  In Item III.8 below, Defendants propose an April 26, 2021 close of discovery, and accordingly propose the following summary judgment schedule:

- motions due 45 days after the close of discovery;
- oppositions due 30 days after motions;
- replies due 21 days after oppositions; and
- a proposed date for decision on the motions 90 days after replies.

> *7.    Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties agree to exchange Rule 26(a)(1) initial disclosures by November 23, 2020, and that no changes should be made to the scope or form of the disclosures.

8.  *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

   A.  *Discovery schedule*

The parties were unable to reach agreement on the discovery schedule that should govern this case and thus set forth their separate positions below.

Plaintiff: Plaintiff proposes setting the close of discovery for October 28, 2021 (one year from the initial scheduling conference) and setting the deadline for post-Rule 26(a) discovery requests 31 days before that (September 27, 2021). *E.g.*, Minute Order, *Shaw v. Modly*, No. 20-CV-410-RDM (D.D.C. May 12, 2020) (in single-plaintiff suit against Navy, setting close of discovery 11 months after initial scheduling conference). A one-year discovery period would give the parties ample time to accommodate the COVID-19 pandemic's uncertainty and ongoing burdens on workplace operations, discovery administration, and the availabilies of counsel and deposition witnesses (many of whom are no longer employed by Defendants) due to pandemic-related health and/or childcare considerations.

Plaintiff notes that this case is unlike most wrongful termination suits that come before this Court, in that Plaintiff has had no access to pre-litigation discovery into his claims. By contrast, for example, Title VII plaintiffs may pursue discovery during EEOC proceedings that can reduce the necessary scope and duration of litigation discovery. *Cf.* Minute Order, *Jeffries v. Barr*, No. 15-CV-1007 (D.D.C. Oct. 13, 2020) (providing for close of discovery 8 months later, after D.C. Circuit reinstated single plaintiff's Title VII claim), *on remand from* 965 F.3d 843 (D.C. Cir. 2020), *rev'g in part* 217 F. Supp. 2d 214, 228 (D.D.C. 2016) (citing 17,000 documents produced to plaintiff during EEOC proceedings); *see also* Jt. Status Report, *Jeffries* No. 15-CV-1007 (D.D.C.

Oct. 8, 2020) (ECF No. 32) (U.S. Attorney's Office and plaintiff agreeing to that discovery schedule "[i]n light of the difficulties in conducting discovery due to COVID-19").

Additionally, Plaintiff intends to take discovery from third parties, including President Donald Trump and other White House officials. Plaintiff anticipates that these efforts will consume significant time, with or without formal discovery motion practice.

By setting a one-year discovery schedule now, Plaintiff hopes to avoid burdening the Court with repeated motions to extend discovery and to reset the post-discovery schedule. *Cf.* Minute Order, *Gentry v. Wilkie*, No. 18-CV-2138-RDM (D.D.C. July 2, 2020) (in single-plaintiff suit against agency, resetting close of discovery to 16 months after April 2019 initial scheduling conference); Minute Order, *Simmons v. Williams*, No. 18-CV-2169-RDM (D.D.C. June 26, 2020) (in single-plaintiff suit, resetting close of discovery to 12 months after November 2019 initial scheduling conference); Minute Order, *Fleck v. Dep't of Vet. Aff. Office of Inspector General*, No. 18-CV-1452-RDM (D.D.C. June 22, 2020) (in single-plaintiff suit, resetting close of discovery to 11 months after February 2020 initial scheduling conference).

Defendants: Defendants propose the following discovery schedule in line with the "Complex Case" track in Appendix I of the Court's order setting the initial scheduling conference (ECF No. 38 at 4):

| EVENT | DATES | DAYS AFTER ISC |
|---|---|---|
| Deadline for Post-R.26(a) Discovery Requests | March 26, 2021 | ISC + 149 |
| All Discovery Closed | April 26, 2021 | ISC + 180 |

### B. *Discovery scope*

The parties agree that a Protective Order is appropriate to guarantee the confidentiality of information covered by the Privacy Act, 5 U.S.C. § 552a, and other legal provisions restricting the disclosure of information.  The parties are working to develop a mutually agreeable Protective Order for this Court to enter.

The parties further agree that consistent with the Federal Rules of Civil Procedure, there should be no limit on the number of requests for production or requests for admission.

The parties were unable to reach agreement on the other issues addressed by this topic and thus set forth their separate positions below:

Plaintiff: Plaintiff proposes that each side (rather than each party) shall be limited to serving 50 interrogatories on the other side.  Plaintiff also proposes that each side be allowed 15 depositions plus an additional 35 hours of depositions, with a 7-hour maximum for any individual's deposition (unless the parties agree otherwise).  *E.g.*, Minute Order, *McGaughey v. District of Columbia*, No. 1:07-CV-1498 (D.D.C. Apr. 16, 2008) (authorizing 20 depositions in single-plaintiff personal injury case); Order, *Plater v. W.A. Chester, LLC*, No. 1:06-CV-1219 (D.D.C. Sept. 7, 2006) (ECF No. 10) (authorizing 140 hours of depositions per side in private workplace discrimination case, limited to 7 hours per deposition); *see also* Order, *McFadden v. WMATA*, No. 1:12-CV-940 (D.D.C. Aug. 23, 2013) (ECF No. 19) (authorizing 16 depositions per side in single-patient Rehabilitation Act case); Minute Order, *Thorp v. District of Columbia*, No. 1:15-CV-195 (D.D.C. Mar. 23, 2017) (authorizing 15 depositions by single plaintiff alleging unlawful search and seizure); Order, *Frese v. City Segway Tours of Washington, DC, LLC*, No. 1:16-CV-2373 (D.D.C. May 30, 2017) (ECF No. 27) (authorizing 15 depositions per side in personal injury case).

Plaintiff believes that these limits are appropriate given the scope and complexity of this case. For example, although the parties have not yet exchanged initial disclosures, Plaintiff's Complaint and summary judgment opposition exhibits have already identified over 10 direct witnesses to the events at issue, including David Bowdich, Patreece Carter, Wendy Guthrie, Michael Horowitz, Robert Hur, Rod Rosenstein, Scott Schools, Jeff Sessions, David Schlendorf, Donald Trump, Candice Will, and Christopher Wray.

Finally, Plaintiff proposes that Defendants should be precluded from taking discovery as to Plaintiff's First Amendment claims. For those claims, Defendants moved before discovery *exclusively* for summary judgment on the factual merits. Defendants thus implicitly represented that discovery had *no* "importance . . . in resolving the [First Amendment] issues." *See* Fed. R. Civ. P. 26(b)(1). Defendants should be held to that representation that for two reasons. First, Defendants' "approach [was] contrary to settled law" (Op. 22), yet it forced Plaintiff and his counsel to unnecessarily expend significant time and resources to oppose summary judgment on the merits. (*See* Dkt. 27-1 through 27-31.) Second, holding Defendants to their representation on the First Amendment claims will deter future defendants from improperly burdening plaintiffs and this Court with similarly premature summary judgment merits motions.

Defendants: Defendants believe that discovery in this single-plaintiff employment case should proceed on a schedule consistent with the Court's general schedule for complex cases and not a schedule over twice that length. If unexpected circumstances arise and require a longer discovery period, either side would remain free to seek an extension.

Defendants also propose that each side be limited to 25 interrogatories. With respect to Plaintiff, this proposal represents the limit that the Court generally sets in complex cases. ECF No. 38 at 4. With respect to Defendants, however, this proposal represents a reduction of 75

interrogatories below the limit that the Court generally sets in complex cases (25 interrogatories per party, with four defendants).

Defendants propose that each side be limited to 10 depositions, with each deposition subject to the time limits in Federal Rule of Civil Procedure 30(d)(1). This proposal aligns with the limit that the Court generally sets in complex cases (ECF No. 38 at 4) and the presumptive limit in Rule 30(a)(2). Defendants do not believe that this single-plaintiff employment case requires double the number of depositions per side that the Court generally allows in complex cases. If either side reaches its limit on the number of depositions and believes that more depositions are needed, the party can ask the Court to revisit the limit. Defendants also do not believe that it is appropriate to forego a limit on the number of depositions for each side and instead impose a limit on the total hours for each side's depositions, which could create significant burdens because deposition preparation is a time-intensive activity regardless of the ultimate length of the deposition.

Finally, the Court should reject Plaintiff's contention that the Court should prohibit Defendants from seeking discovery on his First Amendment claim. Federal Rule of Civil Procedure 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b). Nowhere does that rule—or any other—state that an early summary judgment motion constitutes an implicit waiver of discovery, and it is inconceivable that the drafters of the Federal Rules of Civil Procedure, which "should be construed . . . to secure the just . . . determination of every action for parties," Fed. Civ. R. 1, intended for parties to discover the existence of this atextual waiver the hard way. Moreover, adopting Plaintiff's argument would have perverse effects, the consideration of which has led another court to reject the very proposition championed by Plaintiff:

> [Plaintiff] contends that forcing parties to conduct full discovery before filing summary judgment motions will best promote the purpose of Rule 56. We disagree. The Draconian sanction that PF proposes—"the risk of committing tactical and strategic suicide"—would not further the purpose of Rule 56. Instead, it would mean that summary judgments motions would become rare, or, at the very least would occur much later in the course of litigation. One purpose of summary judgment is to eliminate needless litigation expense, not add to it.

*PF Assocs. v. Fashion Rack of St. Charles, Inc.*, No. 86 C 8200, 1988 WL 6754, at *4 (N.D. Ill. Jan. 22, 1988). As for plaintiff's arguments about expense and deterrence, there are numerous responses, but the most basic is this: The arguments proceed from the faulty premise that Defendants need to be punished, at the expense of the truth seeking function of this Court, for advancing reasonable legal contentions with which the Court disagreed. Plaintiff's argument should be rejected.

### 9. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The parties are currently negotiating the form in which electronically stored information should be produced.

Plaintiff: Plaintiff's position is that both sides should produce electronically stored information and other documents in a standard format that preserves any available metadata and allows counsel to load the documents into a review platform that permits term-searching (*e.g.*, single-page TIFF images with extracted or OCR text and associated metadata).

Defendants: Defendants' position is that DOJ is able to produce documents in this fashion, and DOJ is generally amenable to Plaintiff's proposal, except for documents on classified computer systems. Documents on DOJ's classified systems cannot be loaded into litigation counsel's e-discovery platform, which is located on an unclassified computer system. DOJ thus proposes to produce documents from DOJ's classified systems in PDF format. However, if Plaintiff would like a particular metadata field for a particular document produced by DOJ from a

classified system, DOJ is willing to consider Plaintiff's request to produce any non-privileged metadata on a document-by-document basis.

The FBI has not yet received a specific proposed ESI protocol from Plaintiff but would be willing to consider on a document-by-document basis any requests from Plaintiff for a particular metadata field(s) for a particular document(s) produced by the FBI.

However, the FBI has never produced metadata or native files in litigation. Changing to an entirely new production format solely for this case would be a time-intensive process and would not be proportional to the needs of the case.

The FBI thus proposes to produce documents in PDF format. By producing in PDF format, many of the key metadata fields will be apparent from the PDF version of the document (e.g., email headers will show To, From, CC, Subject, Date and Time Sent, and Attachments).

> **10. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree that the inadvertent-production principles and procedures of Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b) should apply to this case. The parties are working to develop a mutually agreeable order for this Court to enter regarding inadvertently produced privileged or protected materials (potentially as part of the proposed Protective Order discussed in Item III.8 above).

The parties also agree that if a privilege or trial-preparation protection is asserted as to any information, document, or other material responsive to a proper discovery request, the party asserting the privilege shall specify the legal basis for the assertion in a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5)(A), to be served within thirty (30) days after the assertion.

11. *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.*

At this stage, the parties have not determined whether expert witnesses are likely to be used in this case. The parties agree that the requirement of exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) should not be modified.

The parties were unable to reach agreement on the schedule for expert disclosures and depositions and thus set forth their separate positions below:

Plaintiff: Plaintiff proposes that pursuant to the Federal Rules, expert discovery (if any) should proceed under the following schedule:

| EVENT | DATES | DAYS AFTER ISC |
|---|---|---|
| Proponent's R. 26(a)(2) statements | Apr. 26, 2021 (Mon) | ISC + 180 |
| Opponent's R. 26(a)(2) statements | May 26, 2021 (Wed) | ISC + 210 |
| Expert depositions may begin | June 25, 2021 (Fri) | ISC + 240 |

Defendants: Defendants propose that expert disclosures and discovery should proceed on the following schedule, which is calculated based on the close of discovery date proposed by Defendants in section III.8 above (April 26, 2021). If the Court sets a different close of discovery date, Defendants propose that the Court adjust the expert discovery schedule accordingly:

| EVENT | DAYS BEFORE CLOSE OF DISCOVERY | DATE |
|---|---|---|
| Proponent's R. 26(a)(2) statements | 90 days before close of discovery | Jan. 26, 2021 |
| Opponent's R. 26(a)(2) statements | 60 days before close of discovery | Feb. 25, 2021 |
| Expert depositions may begin | 31 days before close of discovery | March 26, 2021 |

12. *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action, so this item is not applicable.

    ***13.***     ***Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.***

The parties do not anticipate the need to bifurcate trial or discovery.

    ***14.***     ***The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).***

The parties disagree about the date for the pretrial conference. Plaintiff proposes that the Court schedule a pretrial conference for 90 days after the deadline for summary judgment replies, while Defendants propose that it be scheduled 120 days after that same deadline.

The parties agree that if neither side files a summary judgment motion, either side may move to advance the date of the pretrial schedule.

    ***15.***     ***Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.***

The parties jointly propose that the Court should set a trial date at the upcoming initial scheduling conference, and that the trial should commence 45 days after the parties' proposed date for the pretrial conference.

| | |
|---|---|
| October 21, 2020 | Respectfully submitted, |
| /s/ Murad Hussain | JEFFREY BOSSERT CLARK |
| Howard N. Cayne (D.C. Bar. No. 331306) | Acting Assistant Attorney General |
| Murad Hussain (D.C. Bar. No. 999278) | |
| Brittany McClure (D.C. Bar No. 1001889) | CHRISTOPHER R. HALL |
| Owen Dunn (D.C. Bar. No. 1044290) | Assistant Branch Director |
| Ryan D. White (D.C. Bar No. 1655918) | |
| Marissa Loya (D.C. Bar No. 1672681) | */s/ Justin M. Sandberg* |
| ARNOLD & PORTER KAYE SCHOLER LLP | JUSTIN M. SANDBERG |
| 601 Massachusetts Avenue, NW | Senior Trial Counsel |
| Washington, DC  20001-3743 | KYLA M. SNOW (Ohio Bar No. 96662) |
| Telephone: (202) 942-5000 | GARRETT COYLE |
| | Trial Attorneys |
| *Counsel for Plaintiff Andrew G. McCabe* | U.S. Dep't of Justice, Civil Div., Federal Programs Branch |
| | 1100 L Street, NW |
| | Washington, D.C.  20530 |
| | Phone:  (202) 514-5838 |
| | Fax: (202) 616-8460 |
| | Justin.Sandberg@usdoj.gov |
| | |
| | *Counsel for Defendants* |