# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW G. MCCABE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:19-CV-2399-RDM |
| v. ) | |
| ) | |
| WILLIAM P. BARR, in his official capacity ) | |
| as Attorney General of the United States, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT REGARDING DISCOVERY DISPUTE

1. On December 18, 2020, the Court held a telephonic conference regarding a discovery dispute concerning the appropriate scope and timing of Plaintiff's November 4, 2020 document subpoena to the Executive Office of the President, which was issued pursuant to Federal Rule of Civil Procedure 45.

2. At the hearing, and by subsequent minute order, the Court ordered the parties to meet and confer regarding the development of a procedure to ensure that documents relevant to this litigation, particularly any records stored on private email accounts or devices, are not lost during the January 20, 2021 presidential transition.

3. Attachment A hereto reflects Plaintiff's original proposal for the preservation procedure. The parties subsequently exchanged several counter-proposals.

4. As discussed below, without waiving their respective positions but in the interests of compromise, the parties have reached a partial agreement but continue to disagree with respect to four potential custodians.

5. The parties agree that Defendants will contact each of the following former White House officials to ascertain whether that person held records covered by the Presidential Records Act ("PRA") on personal devices or accounts and, if so, whether that person copied all such records to a PRA-covered government electronic messaging account before the end of their service at the White House:

   a. Steve Bannon
   b. James Burnham
   c. Ezra Cohen-Watnick
   d. Kellyanne Conway
   e. Uttam Dhillon
   f. Anne Donaldson
   g. Don McGahn
   h. Robert Porter
   i. Reince Priebus
   j. Sarah Sanders
   k. Keith Schiller
   l. Sean Spicer
   m. William Stepien
   n. Madeleine Westerhout

If the person did not copy such records, then Defendants will remind him or her of this litigation and the related obligation to retain the records. Assuming Defendants successfully reach these potential custodians, Defendants will inform Plaintiff whether these persons reported transferring all PRA records (on any personal devices or accounts) to a PRA-covered account prior to their departure from the White House, and if not, whether that person has confirmed that any relevant records have been and will continue to be retained.

6. Plaintiff's position is that the preservation procedure in Paragraph 5 above should also be applied to the following four individuals:

   a. Hope Hicks — As noted in Plaintiff's responses to Defendants' interrogatories, Hicks may have knowledge of issues relevant to this litigation, including but not limited to the May 17, 2017 Oval Office meeting between Plaintiff, President Donald Trump, then-Chief of Staff Reince Priebus, then-White House Counsel Don McGahn, and then-Attorney General Jeff Sessions.

2

b. Jared Kushner — As noted in Plaintiff's responses to Defendants' interrogatories, Kushner may have been involved in discussions regarding Plaintiff, James Comey, Plaintiff's (or the FBI's) perceived disloyalty to the Trump Administration, and whether to fire Plaintiff and/or Comey.

c. Stephen Miller — Mr. Miller, Assistant to the President and Senior Advisor for Policy, helped prepare President Trump's initial draft letter firing FBI Director James Comey, according to public reporting (*see* https://www.nytimes.com/2017/09/01/us/politics/trump-comey-firing-letter.html). As alleged, that draft letter criticized Plaintiff's perceived political affiliation in connection with its asserted grounds for firing Comey.  *See* Compl. ¶ 78.

d. Daniel Scavino — As Assistant to the President and Director of Social Media, Mr. Scavino may have knowledge of issues relevant to this litigation, including those relating to the motivations for and timing of Trump's social media postings regarding Plaintiff.  Public reporting also indicates that Scavino has access to the "@realDonaldTrump" Twitter account (*see* https://www.wired.com/story/tell-when-someone-else-tweets-from-realdonaldtrump).

7. Defendants' position is as follows:  Plaintiff asks that Defendants apply the procedure outlined in paragraph five above to four current EOP employees (Hope Hicks, Jared Kushner, Stephen Miller, and Daniel Scavino) to ensure that the individuals have copied any PRA records to an official EOP account before the end of their service at the White House.  The White House has reminded all employees since the November election of their existing obligation to do just that—ensure that any official communications conducted on personal devices have been preserved on an official EOP account before the transition.  Thus, there is no need to provide additional reminders to these individuals, particularly where there is no reason to presume that they have not complied with their obligations to preserve records.  The benefit, if any, of requiring another reminder is outweighed by the burden on the EOP and its employees, especially given the deference owed to the White House in matters of discovery, *see Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 387 (2004), and the alleged peripheral, at best,

role of the four EOP employees in this litigation, as to which the White House is not even a defendant.

8. Plaintiff's response is: To the best of undersigned counsel's recollection without the benefit of a transcript, the Court's comments at the December 18, 2020 hearing contemplated that the preservation efforts would apply to current White House employees. Moreover, a general post-election reminder to preserve documents does not suffice to inform the four current EOP employees of their obligation, specific to this litigation, to preserve relevant documents. Any burden imposed by the agreed-upon procedure—which could be accomplished through a brief conversation or series of emails—should be minimal, and is outweighed by the nexus articulated in Paragraph 6 above between Plaintiff's claims and the four individuals identified. Finally, as set forth in Attachment A, Plaintiff's Rule 45 subpoena (as narrowed) is appropriately timed and scoped. Given that fact, and given the four EOP employees' relevance to Plaintiff's claims, the deference to which Defendants refer does not support delay. *E.g. U.S. v. Poindexter,* 727 F. Supp. 1501, 1510-11 (D.D.C. 1989) (ordering *in camera* review, for assessment of any executive privilege claims, of President Reagan's diaries and notes related to 67 specific topics); *Dellums v. Powell,* 561 F.2d 242, 251 (D.C. Cir. 1977) (similar as to President Nixon's recordings pertaining to specific antiwar demonstrations); *compare Cheney*, 542 U.S. at 390 (favorably citing *Poindexter* as distinguishable from overbroad discovery requests to energy task force led by Vice President Cheney).

9. The parties welcome the Court's guidance to resolve this dispute.

| | |
|---|---|
| Dated: January 6, 2021 | Respectfully submitted, |
| | |
| /s/ Murad Hussain | JEFFREY BOSSERT CLARK |
| Howard N. Cayne (D.C. Bar. No. 331306) | Acting Assistant Attorney General |
| Murad Hussain (D.C. Bar. No. 999278) | |
| Brittany McClure (D.C. Bar No. 1001889) | CHRISTOPHER R. HALL |
| Owen Dunn (D.C. Bar. No. 1044290) | Assistant Branch Director |
| Ryan D. White (D.C. Bar No. 1655918) | |
| Marissa Loya (D.C. Bar No. 1672681) | /s/ Justin Sandberg |
| ARNOLD & PORTER KAYE SCHOLER LLP | JUSTIN M. SANDBERG |
| 601 Massachusetts Avenue, NW | Senior Trial Counsel |
| Washington, DC  20001-3743 | GARRETT COYLE |
| Telephone: (202) 942-5000 | KYLA M. SNOW |
| | Trial Attorneys |
| *Counsel for Plaintiff Andrew G. McCabe* | U.S. Dep't of Justice, Civil Div. |
| | Federal Programs Branch |
| | 1100 L Street, NW |
| | Washington, D.C. 20530 |
| | Phone: (202) 514-5838 |
| | Justin.Sandberg@usdoj.gov |
| | |
| | *Counsel for Defendants* |

# ATTACHMENT A

# Arnold & Porter

Murad Hussain
+1 202.942.6143 Direct
Murad.Hussain@arnoldporter.com

December 21, 2020

**VIA E-MAIL**

Justin M. Sandberg
Garrett Coyle
Kyla Snow
Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20001

      Re:   *McCabe v. Barr, et al.*, No. 1:19-CV-2399-RDM (D.D.C.):
              *Plaintiff's Rule 45 subpoena to the Executive Office of the President*

Dear Counsel:

      I write regarding Plaintiff's document requests to the Executive Office of the President ("EOP"), and the Court's December 18 minute order that we meet and confer "in regards to ensuring that records are not lost" during the upcoming presidential transition.

      As discussed during the hearing, and as set forth below, we have prepared a preliminary list of White House custodians and a proposed process for ensuring the preservation of documents not located on EOP computers and servers. Additionally, please confirm—as was presumed at the hearing—that all existing emails and other documents on EOP computers and servers are being preserved, will be transferred to the custody of the National Archives and Records Administration ("NARA"), and will remain accessible for discovery purposes later.

      We also wish to reiterate Plaintiff's position that his subpoena requests, as narrowed, do not seek documents likely to reside elsewhere and are properly addressed now. Based on our prior discussions, and given the Court's own discussion of the use of personal devices, we request (1) notes, recordings, or other documents memorializing statements made during the eight White House meetings/phone calls identified in our December 3 letter; and (2) a search of EOP's centralized unclassified email system, and any personal devices (and/or personal accounts for email, text messaging, and the like) known to be used for official communications, for the word "McCabe" and terms reflecting Plaintiff's titles (*e.g.*, "Deputy Director," "DD," and "Acting Director" in proximity to "FBI") that are forth in our December 3, 2020 letter.[1] If we cannot reach agreement on

---

[1] *See U.S. v. Poindexter*, 727 F. Supp. 1501, 1510-11 (D.D.C. 1989) (ordering *in camera* review, for assessment of any executive privilege claims, of President Reagan's diaries and notes related to 67 specific topics); *Dellums v. Powell*, 561 F.2d 242, 251 (D.C. Cir. 1977) (similar as to President Nixon's recordings pertaining to specific antiwar demonstrations);

# Arnold&Porter

December 21, 2020
Page 2

how to ensure the preservation of relevant records, we intend to reassert Plaintiff's position to the Court.

In the meantime, Plaintiff proposes that, for each custodian identified in the list at Appendix A of this letter, Defendants:

1. contact each identified custodian, regardless of whether that person is a current federal employee;

2. inquire whether, from January 20, 2017 through the end of their White House service, the custodian used any personal device and/or personal email, text, or similar messaging account for work-related purposes and, if so, whether the custodian used any such device or account to create any documents relating to Plaintiff;

3. for those individuals who respond affirmatively to the inquiry in item #2 above, arrange for collection of the information on those devices and/or accounts; and

4. document in writing (for communication to Plaintiff and, if necessary, the Court) (i) each individual's response to the inquiry in item #2 above, and (ii) where applicable, the procedures used for collecting and storing relevant records.[2]

Given the Court's closing comments in anticipation of what our status report might contain, we recognize that it may simply be more efficient for you to collect and preserve these custodians' relevant emails and other documents as they presently exist on the EOP's systems. If so, we would propose that EOP search its centralized email server and other systems for (1) the term "McCabe" and/or (2) any of the terms "Deputy Director," "DD," or "Acting Director" (or reasonable related abbreviations) in proximity to "FBI," between January 20, 2017 and March 17, 2020.

*   *   *   *   *

---

*compare Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 390 (2004) (favorably citing *Poindexter* as distinguishable from overbroad discovery requests to energy task force led by Vice President Cheney); *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) (instructing district court to reconsider the agency record before authorizing discovery on President Trump, and favorably citing *Dellums* and *Poindexter*).

[2] The Appendix A custodians are identified solely for the proposal discussed herein. Plaintiff reserves the right identify additional custodians for other purposes at a later date.

Arnold & Porter

December 21, 2020
Page 3

      We look forward to discussing this proposal during our 3 p.m. call today. We are available to meet and confer regarding this issue at your convenience at any time before the January 6, 2021 status report deadline.

                                                Sincerely,

                                                */s/ Murad Hussain*

                                                Murad Hussain

cc:    Owen Dunn
        Marissa Loya
        Ryan White

**Arnold & Porter**

**Appendix A**

1. Steve Bannon
2. James Burnham
3. Pat Cipollone
4. Ezra Cohen-Watnick
5. Kellyanne Conway
6. Uttam Dhillon
7. Anne Donaldson (Talley)
8. Hope Hicks
9. Jared Kushner
10. H.R. McMaster
11. John McEntee
12. Don McGahn
13. Stephen Miller
14. Michael Pence
15. Joshua Pitcock
16. Robert Porter
17. Reince Preibus
18. Sarah Sanders
19. Daniel Scavino
20. Keith Schiller
21. Sean Spicer
22. William Stepien
23. Donald Trump
24. Madeleine Westerhout