# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW G. MCCABE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 19-2399 (RDM) |
| ) | |
| WILLIAM P. BARR, ) | |
| in his official capacity as ) | |
| ATTORNEY GENERAL OF THE ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS TO ALL DEFENDANTS
## FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Andrew G. McCabe requests that Defendants William P. Barr, in his official capacity as Attorney General of the United States; U.S. Department of Justice; Christopher A. Wray, in his official capacity as Director of the Federal Bureau of Investigation; and the Federal Bureau of Investigation (collectively, "Defendants") produce for inspection and copying the following documents at the offices of Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC 20001, within thirty (30) days of these Requests, or at such other time and place as may be agreed upon in advance by the parties through their counsel.

If Defendants find any term or other aspect of any of the Requests vague, ambiguous, or otherwise objectionable and intend to so object, counsel for Plaintiff offers to promptly meet with counsel for Defendants prior to the due date for the Requests to resolve any issues.

## **DEFINITIONS**

These definitions are provided solely for the purpose of this request for production of documents. Notwithstanding any definition set forth below, each word, term, or phrase used in this Request for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request for Production, in addition to their ordinary meaning, the following terms are to be interpreted in accordance with the following definitions:

1. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. "Any" and "each" shall be construed to include and encompass any and all.

3. "Control" means possession, custody, or control, and includes constructive possession, to the extent that You, Your attorneys, agents, or representatives have a right to demand or compel production of the Document or Communication from a source with possession thereof.

4. "Communication(s)" as used herein shall mean any transfer or exchange of information, oral, written, or electronic, audio or visual, including documents, text messages, emails, instant messages, and voice mail, be it in the form of facts, ideas, inquiries, opinions or otherwise, by any means, at any time and place, under any circumstances, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to file.

5. "DOJ" refers to the U.S. Department of Justice.

6. "Document(s)" is used in its broadest possible sense within the meaning of the Federal Rules of Civil Procedure and shall include, without limitation, any written, printed, typed, spoken, computerized, or other graphic, phonic, or recorded matter of any kind or nature, however

produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original, including but not limited to the following:

    a.    All letters or other forms of correspondence or communication, including electronic mail ("email") (including email to or from pseudonymous or personal accounts), facsimiles, envelopes, notes, cards, memoranda, telegrams, cables, telex messages, text messages, voice-mail messages, social media messages, and other messages (including reports, notes, notations, diary entries, and memoranda or other records of or relating to telephone conversations or conferences);

    b.    All memoranda, reports, financial statements, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, notebooks, corporate records, lists, comparisons, questionnaires, surveys, charts, curves, graphs, summaries, extracts, statistical records, compilations, or copies thereof;

    c.    All desk, pocket, electronic, and computerized calendars (and individual calendar entries), appointment books, diaries, and logs;

    d.    All books, scrapbooks, articles, speeches, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, brochures, and manuals;

    e.    All transcripts or records of meetings, discussions, or conferences, including audio/video recordings; and

    f.    All handwritten notes of oral communications and audio or video recordings thereof.

7. "FBI" refers to the Federal Bureau of Investigation.

8. "Employee" means all current and former employees, including officials, officers, managers, professionals, staff, office, and clerical employees, trainees, individuals performing work as temporary employees, and any other person compensated by you, regardless of whether considered or classified as independent contractors.

9. "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

10. "Relating to," "relate(s) to," and "related to" mean, in addition to their customary and usual meaning: analyzing; commenting on; comprising; concerning; connected with; consisting of; constituting; containing; defining; describing; discussing; embodying; explaining; evidencing; identifying; mentioning; pertaining to; recording; referring to; referencing; reflecting; regarding; responding to; resulting from; showing; supporting; prepared in connection with; used in preparation for; having as its subject matter, directly or indirectly, expressly or implicitly, the subject matter of the specific request; or having any legal, logical, or factual connection with the subject matter of the specific request.

11. "You" and "Your" means the party or parties to whom these requests are addressed, including their current and former offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, and other persons or entities currently or formerly acting on behalf of or controlled by the addressed party or parties. With respect to any individuals (including Defendants) named in their official capacities, "You" and "Your" also includes their predecessors.

12. Words in the singular should be construed as including the plural, and plural words should be construed as including the singular.

## **INSTRUCTIONS**

1. All document requests should be responded to in accordance with the instructions and definitions provided herein.

2. Unless otherwise specified, the applicable dates for the production are information and documents from January 20, 2017 to the present date ("the relevant period") that are responsive to the requests below. The production shall include all information or documents that relate to or were used during the relevant time period even if they had been prepared or published prior.

3. Information and documents sought by these requests shall include information and documents within your possession, custody, or control, regardless of where such information or documents are located, regardless of whether such material is stored on classified or non-classified systems, and regardless of whether such material is held by your current or former officials, officers, employees, agents, attorneys, accountants, consultants, contractors, or any person or entity acting as a representative or on your behalf. Information and documents sought by these requests includes information and documents maintained at any local, regional, group, divisional, or corporate office.

4. If no documents exist that are responsive to a request below, you shall include in your response to these Requests and at the time of production, a written statement to that effect.

5. If it is known that any requested document (or any set of documents that may have contained documents) was, but is no longer, in your possession, custody, or control, state: (i) what disposition was made of the document(s); (ii) the person(s) who directed such disposition; (iii) the person who executed such disposition; (iv) the reason for such disposition; and (v) the date of such disposition.

6. All material identified under these requests shall be segregated and labeled so as to identify to which requests such material responds. Alternatively, you shall identify by Bates number range the documents responsive to each request.

7. Selection of documents from files and other sources shall be performed in such a manner as to ensure that the source and location of each document may be readily determined. File folders and other containers in which you find documents responsive to these requests, and labels identifying those folders and other containers, shall be produced intact with such documents.

8. Rule 34 of the Federal Rules of Civil Procedure shall apply to all requests for documents herein. All electronically stored documents ("ESI") and digitized/scanned images shall be produced in accordance with the Production Specifications attached hereto as Attachment A. As explained in Attachment A, please produce electronic spreadsheets (*e.g.*, Microsoft Excel) and electronic presentations (*e.g.*, Microsoft PowerPoint), as well as audio or video multimedia, in native format with a slip-sheet identifying Bates labels and confidentiality designations. By agreement of the parties, electronic documents and data shall be delivered through secure file transfer protocol ("FTP") systems rather than the media identified in Section 9 of Attachment A.

9. These requests are not intended to and should not be construed to limit or otherwise modify any other discovery request to be issued in this case.

10. If any portion of any document is responsive to any request, the entire document shall be produced. Each document shall be produced in its entirety, without abbreviation or expungement, and including both the front and back of any document with printed matter or handwriting on both sides. Requests for documents shall be deemed to include requests for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the documents themselves. Documents attached to each other

shall not be separated unless sufficient records are kept to permit reconstruction of such grouping and the separation is identified.

11. If the contention is made that any requested document is not subject to discovery in whole or in part by reason of privilege or otherwise, identify each such document by date, author(s), addressee(s), recipient(s) (including those identified in the "cc:" or "bcc:" fields), title, subject matter, purpose, and present custody, and set forth the nature of the claimed privilege or other ground for refusal to produce in a log consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5).

12. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. Any redaction must be clearly visible on the redacted document. If any document responsive to any request is redacted or altered in any fashion (even on grounds other than privilege or work product protection), you shall submit a log within 30 days of any production setting forth for each redacted or altered document the information required to be logged as set forth in Instruction No. 11 above.

13. All documents shall be produced in the form and in the same order within each file in which they existed prior to production.

14. All documents that cannot be legibly copied shall be produced in their original form.

15. If any request cannot be satisfied in full, you shall produce documents to the extent possible, specifying the reason for your inability to produce all responsive documents, and stating what knowledge, information, or belief you have concerning the unproduced portion.

16. Consistent with Rule 26(e) of the Federal Rules of Civil Procedure, these requests are continuing in character. You are thus required to amend your responses to these requests and to supplement your production(s) if, at any time before trial, you learn that your prior responses and production(s) are in some material respect incomplete or incorrect.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents, including organizational charts and personnel rosters, sufficient to show the organizational structure of and personnel working in or otherwise affiliated with the following offices, divisions, branches, or other entities from January 20, 2017 through the present:

a) the DOJ Office of the Attorney General;

b) the DOJ Office of the Deputy Attorney General;

c) the DOJ Office of the Inspector General;

d) the DOJ Office of Legal Counsel;

e) the DOJ Office of Professional Responsibility;

f) the DOJ Office of Public Affairs;

g) the DOJ National Security Division;

h) the U.S. Attorney's Office for the District of Columbia;

i) the FBI Office of the Director;

j) the FBI Office of the Deputy Director;

k) the FBI Office of the Associate Deputy Director;

l) the FBI Office of the General Counsel;

m) the FBI Office of Professional Responsibility;

n) the FBI Inspection Division;

o) the FBI Office of Public Affairs; and

p) the FBI Human Resources Division.

**Request No. 2:**

All communications relating to Plaintiff, his wife, or any Internet post by Donald Trump on the website http://www.twitter.com (*i.e.*, a "tweet"), where Plaintiff was not the communication's sender or a listed recipient, and which were sent or received by anyone working in or otherwise affiliated with the following offices, divisions, or other entities from January 20, 2017 through the present:

a) the DOJ Office of the Attorney General;

b) the DOJ Office of the Deputy Attorney General;

c) the DOJ Office of the Inspector General;

d) the DOJ Office of Legal Counsel;

e) the DOJ Office of Professional Responsibility;

f) the DOJ Office of Public Affairs;

g) the DOJ National Security Division;

h) the U.S. Attorney's Office for the District of Columbia;

i) the FBI Office of the Director;

j) the FBI Office of the Deputy Director;

k) the FBI Office of the Associate Deputy Director;

l) the FBI Office of the General Counsel;

m) the FBI Office of Professional Responsibility;

n) the FBI Inspection Division;

o) the FBI Office of Public Affairs; and

p) the FBI Human Resources Division.

The scope of this request includes any communication between individuals (other than Plaintiff) that forwards, attaches, replies to, or otherwise transmits another communication, including another communication where Plaintiff was a sender or listed recipient. For example, this request seeks any email chain or forward where an earlier-in-time email lists Plaintiff in the "To," "From," "CC," or "BCC" field, but where the last-in-time email does not list Plaintiff in any of those fields.

**Request No. 3:**

All documents relating to Plaintiff that persons in the DOJ Office of Inspector General sent, received, obtained, created, reviewed, or relied upon from November 8, 2016 through the present, including (but not limited to) that Office's complete investigation file(s) relating to Plaintiff.

**Request No. 4:**

All documents relating to Plaintiff that persons in the FBI Office of Professional Responsibility sent, received, obtained, created, reviewed, or relied upon from November 8, 2016 through the present, including (but not limited to) that Office's complete investigation file(s) relating to Plaintiff.

**Request No. 5:**

All documents relating to Plaintiff that persons in the FBI Inspection Division sent, received, obtained, created, reviewed, or relied upon from November 8, 2016 through the present, including (but not limited to) that Division's complete investigation file(s) relating to Plaintiff.

**Request No. 6:**

All documents constituting Plaintiff's complete FBI personnel file(s).

**Request No. 7:**

All documents sufficient to identify Plaintiff's job responsibilities at the FBI from January 1, 2018 through March 18, 2018.

**Request No. 8:**

All documents from January 20, 2017 through March 18, 2018 that reference Plaintiff as the former FBI Deputy Director.

**Request No. 9:**

All documents sufficient to identify David Bowdich's job responsibilities at the FBI from January 1, 2018 through March 31, 2018.

**Request No. 10:**

All documents from January 20, 2017 through March 18, 2018 that reference David Bowdich as the FBI Deputy Director or Acting Deputy Director

Dated: October 30, 2020

Respectfully submitted,

 /s/ Murad Hussain
Howard N. Cayne (D.C. Bar. No. 331306)
Murad Hussain (D.C. Bar. No. 999278)
Owen Dunn (D.C. Bar. No. 1044290)
Ryan D. White (D.C. Bar No. 1655918)
Marissa E. Loya (D.C. Bar. No. 1672681)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Plaintiff Andrew G. McCabe*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 30, 2020, a copy of the foregoing **Plaintiff's First Set of Requests to All Defendants for the Production of Documents** (with Attachment A) was served via email, pursuant to the parties' agreement to accept email service, to:

Justin M. Sandberg (Justin.Sandberg@usdoj.gov)
Garrett Coyle (Garrett.Coyle@usdoj.gov)
Kyla M. Snow (Kyla.Snow@usdoj.gov)
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20001
*Counsel for Defendants*

 /s/ Murad Hussain
Murad Hussain
*Attorney for Plaintiff Andrew G. McCabe*