# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW G. MCCABE,<br><br>                              Plaintiff,<br><br>                   v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*,<br><br>                              Defendants. | No. 19-cv-2399 |

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants U.S. Department of Justice, Federal Bureau of Investigation, William P. Barr, in his official capacity as Attorney General of the United States, and Christopher A. Wray, in his official capacity as Director of the Federal Bureau of Investigation, respond to Plaintiff Andrew G. McCabe's First Set of Requests to All Defendants for the Production of Documents as follows:

### Objections to Definitions

1.      Defendants object to the definition of "[c]ontrol" as not proportional to the needs of the case to the extent that it includes "constructive possession."

2.      Defendants object to the definition of "[r]elating to," "relate(s) to," and "related to" as vague, overbroad, and not proportional to the needs of the case to the extent it includes "having any legal, logical, or factual connection with the subject matter of the specific request." Defendants will construe the terms "[r]elating to," "relate(s) to," and "related to" in accordance with their customary and usual meaning.

**Objections to Instructions**

1.      Defendants object to instruction #2, which asserts that the relevant time period for the requests is from January 20, 2017, until the present, on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case, as Plaintiff was removed from the FBI in March 2018. Unless otherwise specified in response to a particular request for production, Defendants will construe the requests to seek information and documents from the period from January 20, 2017, until May 31, 2018.

2.      Defendants object to instruction #3 to the extent it could be construed to require production of classified information to those without a need to know or to those not authorized to receive it.

3.      Defendants object to instruction #5 to the extent it imposes obligations beyond the scope of Federal Rule of Civil Procedure 34.

4.      Defendants object to instruction #6 and #13, which request that documents produced in response to the requests be organized in a particular manner, to the extent they impose conflicting obligations and to the extent they impose obligations beyond the scope of Federal Rule of Civil Procedure 34. Rule 34(b)(2)(E)(i) allows the producing party to "produce documents as they are kept in the usual course of business or [to] organize and label them to correspond to the categories in the request."

5.      Defendants object to the production specifications in instructions #7 and #8 and Attachment A as not proportional to the needs of the case to the extent they purport to apply to documents on DOJ classified systems and FBI documents. Per agreement of the parties, Defendants will produce documents from DOJ classified systems and FBI documents in PDF format in a transmission method compatible with Defendants' systems.

6.      Defendants object to instruction #11 to the extent it imposes obligations about the contents of a privilege log beyond the scope of Rule 26(b)(5)(A).

7.      Defendants object to instruction #14 to the extent it imposes obligations beyond the scope of Rule 34. For any documents that cannot be legibly copied, Defendants will make the original documents available for inspection.

**Objections to All Requests for Production**

1.      Defendants object to the requests to the extent that they seek: (a) information protected against disclosure by the attorney work product doctrine; (b) information protected against disclosure by the attorney-client privilege; (c) information protected against disclosure by the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) the production of classified information to those without a need to know or to those not authorized to receive it; (e) information protected against disclosure by any other form of executive privilege; or (f) information protected against disclosure by any other applicable privilege or protection. Privilege logs will be provided in the course of Defendants' rolling productions.

2.      Defendants object to the requests to the extent they seek documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to process a collateral Freedom of Information Act request submitted by Plaintiff's counsel, which are protected against disclosure by the attorney-client privilege and the attorney work product doctrine and which are not relevant to the claims and defenses in this litigation. Documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to process the collateral FOIA request submitted by Plaintiff's counsel will not be included on Defendants' privilege logs.

3.     Defendants object to the requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

4.     Defendants object to the requests to the extent that they purport to require production of all responsive documents within 30 days. In accordance with Rule 34(b)(2)(B), Defendants anticipate making rolling productions of responsive documents beginning on December 18, 2020, and finishing before the July 30, 2021 discovery deadline.

5.     Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific request.

<strong>Objections and Responses to Specific Requests for Production</strong>

**Request No. 1:** All documents, including organizational charts and personnel rosters, sufficient to show the organizational structure of and personnel working in or otherwise affiliated with the following offices, divisions, branches, or other entities from January 20, 2017 through the present:

        a) the DOJ Office of the Attorney General;

        b) the DOJ Office of the Deputy Attorney General;

        c) the DOJ Office of the Inspector General;

        d) the DOJ Office of Legal Counsel;

        e) the DOJ Office of Professional Responsibility;

        f) the DOJ Office of Public Affairs;

        g) the DOJ National Security Division;

        h) the U.S. Attorney's Office for the District of Columbia;

        i) the FBI Office of the Director;

        j) the FBI Office of the Deputy Director;

k) the FBI Office of the Associate Deputy Director;

l) the FBI Office of the General Counsel;

m) the FBI Office of Professional Responsibility;

n) the FBI Inspection Division;

o) the FBI Office of Public Affairs; and

p) the FBI Human Resources Division.

**Objections:** Defendants object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because Defendants have no reason to believe that the DOJ Office of Professional Responsibility or the DOJ National Security Division were involved in the events giving rise to this case.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information about personnel and subdivisions within the other identified offices that Defendants have no reason to believe were involved in the events giving rise to this case. Defendants will construe this request to seek documents regarding personnel and subdivisions within the other identified offices which Defendants have reason to believe were involved in the events giving rise to this case.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information from January 20, 2017, until the present, yet Plaintiff was removed from the FBI in March 2018. Defendants will construe the request to seek documents concerning the period from January 20, 2017, until May 31, 2018.

Defendants further object to this request on the ground that it is not proportional to the needs of the case to the extent it seeks the identity of national security employees, including those involved in undercover, covert, or highly sensitive operational matters, who Defendants have no reason to believe were involved in the events giving rise to this case or whose information is protected against disclosure by the law enforcement privilege or related doctrines.

Defendants further object to this request on the ground that the phrase "or otherwise affiliated with" is vague and ambiguous.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of organizational charts and personnel rosters for the following offices if located after a reasonable search:

- the DOJ Office of the Attorney General;

- the DOJ Office of the Deputy Attorney General;

- the Front Office and the Oversight and Review Division of the DOJ Office of the Inspector General;

- the DOJ Office of Legal Counsel;

- the DOJ Office of Public Affairs;

- the Front Office, the Criminal Division, and the Fraud and Public Corruption Section of the U.S. Attorney's Office for the District of Columbia;

- the FBI Office of the Director;

- the FBI Office of the Deputy Director;

- the FBI Office of the Associate Deputy Director;

- the FBI Office of the General Counsel;

- the FBI Office of Professional Responsibility;

- the FBI Inspection Division;

- the FBI Office of Public Affairs; and

6

- the FBI Human Resources Division.

**Request No. 2:** All communications relating to Plaintiff, his wife, or any Internet post by Donald Trump on the website http://www.twitter.com (i.e., a "tweet"), where Plaintiff was not the communication's sender or a listed recipient, and which were sent or received by anyone working in or otherwise affiliated with the following offices, divisions, or other entities from January 20, 2017 through the present:

a) the DOJ Office of the Attorney General;

b) the DOJ Office of the Deputy Attorney General;

c) the DOJ Office of the Inspector General;

d) the DOJ Office of Legal Counsel;

e) the DOJ Office of Professional Responsibility;

f) the DOJ Office of Public Affairs;

g) the DOJ National Security Division;

h) the U.S. Attorney's Office for the District of Columbia;

i) the FBI Office of the Director;

j) the FBI Office of the Deputy Director;

k) the FBI Office of the Associate Deputy Director;

l) the FBI Office of the General Counsel;

m) the FBI Office of Professional Responsibility;

n) the FBI Inspection Division;

o) the FBI Office of Public Affairs; and

p) the FBI Human Resources Division.

The scope of this request includes any communication between individuals (other than Plaintiff) that forwards, attaches, replies to, or otherwise transmits another communication, including

another communication where Plaintiff was a sender or listed recipient. For example, this request

seeks any email chain or forward where an earlier-in-time email lists Plaintiff in the "To,"

"From," "CC," or "BCC" field, but where the last-in-time email does not list Plaintiff in any of

those fields.

      **Objections:** Defendants object to this request on the ground that it seeks information not

relevant to any party's claim or defense and is overbroad and not proportional to the needs of the

case because Defendants have no reason to believe that the DOJ Office of Professional

Responsibility or the DOJ National Security Division were involved in the events giving rise to

this case. On the basis of this objection, Defendants will not produce documents sent or received

by anyone working in or otherwise affiliated with those offices that are not otherwise responsive

to this request.

      Defendants further object to this request on the ground that it seeks information not

relevant to any party's claim or defense and is overbroad and not proportional to the needs of the

case because it seeks information about personnel and subdivisions within the other identified

offices that Defendants have no reason to believe were involved in the events giving rise to this

case. Defendants will construe this request to seek documents regarding personnel and

subdivisions within the other identified offices which Defendants have reason to believe were

involved in the events giving rise to this case.

      Defendants further object to this request on the ground that it seeks information not

relevant to any party's claim or defense and is overbroad and not proportional to the needs of the

case because it seeks information from January 20, 2017, until the present, yet Plaintiff was

removed from the FBI in March 2018. Defendants will construe the request to seek documents

concerning the period from January 20, 2017, until May 31, 2018.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll communications relating to Plaintiff" includes communications not relating to the events giving rise to this case. Defendants will construe the portion of the request for "[a]ll communications relating to Plaintiff" to be limited to communications relating to Plaintiff's status as an employee of the FBI, Plaintiff's suitability for any FBI employment position, any perceived partisan affiliation of Plaintiff, Plaintiff's voting history, or the investigation that formed the basis of Plaintiff's removal from the FBI.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll communications relating to … [Plaintiff's] wife" includes communications not relating to the events giving rise to this case. Defendants will construe the portion of the request for "[a]ll communications relating to … [Plaintiff's] wife" to exclude communications relating to the DOJ Office of the Inspector General investigation into whether Plaintiff should have recused himself from the Clinton email server investigation and the Clinton Foundation investigation before November 1, 2016.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll communications relating to … any Internet post by Donald Trump on the website http://www.twitter.com (*i.e.*, a 'tweet')" includes communications about tweets even if Defendants had no reason to know the tweets were by President Trump. Defendants will construe the portion of the request for "[a]ll communications relating to … any Internet post by Donald Trump on the website http://www.twitter.com (*i.e.*, a 'tweet')" to be

limited to communications relating to any Internet post on the website http://www.twitter.com (*i.e.*, a "tweet") from the @realDonaldTrump account or @POTUS account.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll communications relating to … any Internet post by Donald Trump on the website http://www.twitter.com (*i.e.*, a 'tweet')" includes communications about tweets by President Trump not relating to the events giving rise to this case. Defendants will construe the portion of the request for "[a]ll communications relating to … any Internet post by Donald Trump on the website http://www.twitter.com (*i.e.*, a 'tweet')" to be limited to communications relating to any tweet by President Trump relating to Plaintiff or Plaintiff's wife.

Defendants further object to this request on the ground that it seeks information beyond the scope of Rule 34 because "communications" is defined to include information (like an "oral" "exchange of information") that does not constitute "documents or electronically stored information" within the meaning of Rule 34(a)(1)(A). Defendants will construe this request to be limited to documents or electronically stored information relating to communications about the matters listed above.

Defendants further object to this request to the extent it seeks information protected against disclosure by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.

Defendants further object to this request on the ground that the phrase "or otherwise affiliated with" is vague and ambiguous.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 3:** All documents relating to Plaintiff that persons in the DOJ Office of Inspector General sent, received, obtained, created, reviewed, or relied upon from November 8, 2016 through the present, including (but not limited to) that Office's complete investigation file(s) relating to Plaintiff.

**Objections:** Defendants object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll documents relating to Plaintiff" includes documents not relating to the events giving rise to this case. Defendants will construe the portion of the request for "[a]ll documents relating to Plaintiff" to be limited to documents relating to the investigation that formed the basis of Plaintiff's removal from the FBI, namely the leak investigation relating to the article by Devlin Barrett in the *Wall Street Journal* about the Clinton email server investigation published online on October 30, 2016, and published in print on October 31, 2016, and resulting in the DOJ OIG report titled "A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe."

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information about personnel and subdivisions that Defendants have no reason to believe were involved in the events giving rise to this case. Defendants will construe this request to seek documents regarding personnel and subdivisions which Defendants have reason to believe were involved in the events giving rise to this case.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case to the extent that the terms "obtained" and "reviewed" include documents not considered or relied upon by the OIG in the final report of investigation.

11

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information from November 8, 2016, until the present, yet Plaintiff was removed from the FBI in March 2018. Defendants will construe the request to seek documents concerning the period from November 8, 2016, until May 31, 2018.

Defendants further object to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 4:** All documents relating to Plaintiff that persons in the FBI Office of Professional Responsibility sent, received, obtained, created, reviewed, or relied upon from November 8, 2016 through the present, including (but not limited to) that Office's complete investigation file(s) relating to Plaintiff.

**Objections:** Defendants object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll documents relating to Plaintiff" includes documents not relating to the events giving rise to this case. Defendants will construe the portion of the request for "[a]ll documents relating to Plaintiff" to be limited to documents relating to the investigation that formed the basis of Plaintiff's removal from the FBI.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information about personnel and subdivisions that Defendants have no

12

reason to believe were involved in the events giving rise to this case. Defendants will construe this request to seek documents regarding personnel and subdivisions which Defendants have reason to believe were involved in the events giving rise to this case.

Defendants further object to this request on the ground that the phrase "relied upon" is vague and ambiguous.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case to the extent that the terms "obtained" and "reviewed" include documents not considered by FBI OPR in recommending Plaintiff's removal from the FBI.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information from November 8, 2016, until the present, yet Plaintiff was removed from the FBI in March 2018. Defendants will construe the request to seek documents concerning the period from November 8, 2016, until May 31, 2018.

Defendants further object to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 5:** All documents relating to Plaintiff that persons in the FBI Inspection Division sent, received, obtained, created, reviewed, or relied upon from November 8, 2016 through the present, including (but not limited to) that Division's complete investigation file(s) relating to Plaintiff.

13

**Objections:** Defendants object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because the request for "[a]ll documents relating to Plaintiff" includes documents not relating to the events giving rise to this case. Defendants will construe the portion of the request for "[a]ll documents relating to Plaintiff" to be limited to documents relating to the investigation that formed the basis of Plaintiff's removal from the FBI, namely the leak investigation relating to the article by Devlin Barrett in the *Wall Street Journal* about the Clinton email server investigation published online on October 30, 2016, and published in print on October 31, 2016.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information about personnel and subdivisions that Defendants have no reason to believe were involved in the events giving rise to this case. Defendants will construe this request to seek documents regarding personnel and subdivisions which Defendants have reason to believe were involved in the events giving rise to this case.

Defendants further object to this request on the ground that the phrase "relied upon" is vague and ambiguous.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case to the extent that the terms "obtained" and "reviewed" include documents not considered by the FBI Inspection Division in the investigation that formed the basis of Plaintiff's removal from the FBI.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information from November 8, 2016, until the present, yet Plaintiff was

removed from the FBI in March 2018. Defendants will construe the request to seek documents concerning the period from November 8, 2016, until May 31, 2018.

Defendants further object to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 6:** All documents constituting Plaintiff's complete FBI personnel file(s).

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of the documents in Plaintiff's official personnel folder located after a reasonable search.

**Request No. 7:** All documents sufficient to identify Plaintiff's job responsibilities at the FBI from January 1, 2018 through March 18, 2018.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any FBI Human Resources Division position descriptions for the FBI Deputy Director position in effect during the requested period located after a reasonable search.

**Request No. 8:** All documents from January 20, 2017 through March 18, 2018 that reference Plaintiff as the former FBI Deputy Director.

**Objections:** Defendants object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information from January 20, 2017, through March 18, 2018, yet the complaint alleges that Plaintiff was not removed from the position of FBI Deputy Director until

15

January 2018. Defendants will construe the request to seek documents concerning the period from January 1, 2018, through March 18, 2018.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case to the extent it seeks documents from personnel, divisions, branches, subdivisions, and components that Defendants have no reason to believe were involved in the events giving rise to this case. Defendants will construe this request to seek documents from personnel in the following offices whom Defendants have reason to believe were involved in the events giving rise to this case: the DOJ Office of the Attorney General, the DOJ Office of the Deputy Attorney General, the DOJ Office of the Inspector General, the DOJ Office of Legal Counsel, the DOJ Office of Public Affairs, the FBI Office of the Director, the FBI Office of the Deputy Director, and the FBI Human Resources Division.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 9:** All documents sufficient to identify David Bowdich's job responsibilities at the FBI from January 1, 2018 through March 31, 2018.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any FBI Human Resources Division position descriptions for the FBI Deputy Director position and FBI Associate Deputy Director position in effect during the requested period located after a reasonable search.

**Request No. 10:** All documents from January 20, 2017 through March 18, 2018 that reference David Bowdich as the FBI Deputy Director or Acting Deputy Director[.]

**Objections:** Defendants object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case because it seeks information from January 20, 2017, through March 18, 2018, yet the complaint alleges that David Bowdich was not promoted to the position of FBI Deputy Director until January 2018. Defendants will construe the request to seek documents concerning the period from January 1, 2018, through March 18, 2018.

Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case to the extent it seeks documents from personnel, divisions, branches, subdivisions, and components that Defendants have no reason to believe were involved in the events giving rise to this case. Defendants will construe this request to seek documents from personnel in the following offices whom Defendants have reason to believe were involved in the events giving rise to this case: the DOJ Office of the Attorney General, the DOJ Office of the Deputy Attorney General, the DOJ Office of the Inspector General, the DOJ Office of Legal Counsel, the DOJ Office of Public Affairs, the FBI Office of the Director, the FBI Office of the Deputy Director, and the FBI Human Resources Division.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

Dated: December 3, 2020                         JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General

                                                CHRISTOPHER R. HALL
                                                Assistant Branch Director

                                                 */s/ Garrett Coyle*
                                                JUSTIN M. SANDBERG
                                                Senior Trial Counsel
                                                KYLA SNOW
                                                GARRETT COYLE
                                                Trial Attorneys
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street NW
                                                Washington, DC 20005
                                                Phone: (202) 616-8016
                                                Fax: (202) 616-8470
                                                Email: garrett.coyle@usdoj.gov

                                                *Counsel for Defendants*