IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW G. MCCABE,<br><br>        *Plaintiff*,<br><br>v.<br><br>WILLIAM P. BARR,<br>in his official capacity as<br>ATTORNEY GENERAL OF THE<br>UNITED STATES, *et al.*,<br><br>        *Defendants*. | Civil Action No. 19-2399 (RDM) |

**DECLARATION OF DEBORAH A. CRUM**

I, Deborah A. Crum, declare as follows:

1. I am employed by the Federal Bureau of Investigation (FBI) as a Supervisory Paralegal Specialist, currently assigned as the Unit Chief of the Discovery Unit (DU), Litigation and Technology Management Section, Litigation Branch, Office of the General Counsel (OGC), located in Washington, D.C. I have served in this capacity from approximately September 2010 to present. I have been employed by the FBI since April 1990.

2. The statements contained in this declaration are based upon my personal knowledge, review and consideration of documents available to me in my official capacity, discussions with OGC counsel involved with this matter, and on information obtained from other FBI employees.

3. I submit this declaration in support of Defendants' response to Plaintiff's Motion to Compel. This declaration submits an explanation of the FBI's resource constraints in running searches for electronically stored information (ESI) for ongoing litigation matters amid the COVID-19 pandemic and also provides an overview of the FBI's document review system.

4. DU provides litigation support to the other units within OGC, as well as numerous other FBI entities. One of DU's responsibilities is conducting searches for electronically stored information (ESI) within the FBI's secret and unclassified enclaves in response to litigation matters. Another DU responsibility is to conduct privilege reviews on the FBI documents which have been collected and deemed relevant to litigation, and to prepare those documents for release to the parties of the litigation. As Unit Chief of DU, I am responsible for overseeing the Paralegal Specialists who locate, review, process, and produce documents related to a variety of document production requests.

5. All FBI documents must be reviewed, and any privileged information redacted before they can be released to other DOJ components, opposing counsel, or Congress. The FBI does not use any type of TAR or CAL computer software for document review. Instead, FBI reviewers must review each document on a page-by-page and line-by-line basis for responsiveness and privilege. This review and redaction process must be conducted on the classified computer system in FBI space, while adhering to social distancing precautions.

6. DU is responsible for redacting privileged information, and for identifying this information with a privilege identifier for each governmental privilege being asserted on each page of documents. In other words, each redaction must be properly marked with each privilege assertion over the redaction, and both an OGC attorney and paralegals must review the privilege assertion for each document. Only after this lengthy review with appropriate redactions supporting the assertion of privileges may information be released outside of the Department of Justice and the FBI.

7. The use of the classified computer system is required for the handling of materials originating from that system. Any materials originating on the classified system, even those identified as being unclassified, have the possibility of containing classified information. These materials cannot be removed from this classified system prior to undergoing redactions during the privilege review. DU paralegals do not currently possess the technical capability to perform the review and redaction process remotely. They do not have laptops and even classified laptops, which are difficult to procure, do not possess the software necessary to perform redactions. A licensing issue makes the addition of this software to the virtual network too costly.

8. At least two individuals within DU review every document before release to ensure the proper application of privilege redactions. FBI agency counsel also review each document prior to release. Federal court cases may also undergo additional levels of review from United States Attorney's Office or a division of the Department of Justice.

9. After being out of FBI space for two and a half months, DU personnel began to return to the FBI's Headquarters building in June 2020 to restart the document review

process. The entire DU staff could not return to the building during its normal business hours for safety reasons. Although DU restarted its document review process after several weeks of it being stopped, it returned in a limited manner to adhere to social distancing protocols.

10. Following DU's June 2020 return, FBI OGC needed to prioritize certain matters involving the threat of sanctions if its deadlines were not met.

11. Throughout the course of its production, DU personnel continue to work on this case and to treat it as a priority to the extent possible. However, the press of other urgent matters, the inability to return all our staff to their duty station at once, numerous exposures of DU personnel to COVID that required mandatory quarantine periods, the need to work reduced and alternate schedules in response to the COVID national emergency, as well as the numerous disruptions that have occurred within the Washington D.C. area that have limited access to FBIHQ all combined to slow our progress.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed this 12th day of March 2021.

Deborah A. Crum
Unit Chief
Discovery Unit
Office of the General Counsel
Federal Bureau of Investigation
Washington, D.C.